1
2
3
4
5
6
7
8          UNITED STATES  DISTRICT COURT
9             Northern District of California
10                  Oakland Division
11  FERNANDO BRIOSOS,                        No. C 10-02834 LB
12              Plaintiff,          **ORDER GRANTING DEFENDANT'S**
                                    **MOTION TO DISMISS  [ECF No. 5]**
       v.                          **AND GRANTING PLAINTIFF LEAVE**
13                                 **TO AMEND**
14  WELLS FARGO BANK,
15              Defendant.
    _____/
16                   **I.  INTRODUCTION**
17      On March 8, 2010, Plaintiff Fernando Briosos filed this action in California state court against

18  Defendant Wells Fargo Bank, alleging violations of California law and the federal Truth in Lending

19  Act ("TILA"), 15 U.S.C. § 1601, *et seq*., in connection with his refinance of two mortgage loans

20  through Defendant.  Complaint, Exh. A to Notice of Removal, ECF No. 1 at 5-11.  Plaintiff alleges

21  that Defendant made fraudulent statements and concealed information about his ability to afford the

22  loans in order to induce Plaintiff to go through with the refinance.  Additionally, Plaintiff alleges

23  that at the closing of one of the loans, Defendant failed to provide him with completed disclosures of

24  his notice and right to rescission, as required under TILA, and later refused his request to rescind

25  one of the loans.  In his Complaint, Plaintiff asserts claims for: (1) fraud; (2) rescission under TILA;

26  (3) violation of California's Unfair Competition Law, California Business & Professions Code §

27  17200; and (4) quiet title.  After removing the lawsuit to this Court pursuant to 28 U.S.C. §§ 1441,

28  and 1446 based on federal question jurisdiction, Wells Fargo now moves to dismiss Plaintiff's

**UNITED STATES DISTRICT COURT**
**For the Northern District of California**

1   claims pursuant to Federal Rule of Civil Procedure 12(b)(6).

2       With respect to Plaintiff's TILA rescission claim, the Court finds that Plaintiff timely exercised

3   his right to rescission, but has failed to sufficiently allege facts supporting his ability to tender the

4   proceeds of the loan as part of the rescission process.

5       As to Plaintiff's fraud claim, the Court finds that Plaintiff has failed to plead the elements of

6   fraud with particularity, as required under Federal Rule of Civil Procedure 9(b).

7       With respect to Plaintiff's quiet title claim, the Court finds that Plaintiff has failed to comply

8   with the statutory requirement that he assert such claim in a verified complaint.

9       Finally, because Plaintiff's TILA and fraud claims are deficient as alleged, Plaintiff has failed to

10  allege an predicate violation necessary to sustain his unfair competition law claim under California

11  Business & Professions Code § 17200.

12      The Court dismisses each of Plaintiff's claims without prejudice, and because it is possible that

13  Plaintiff may cure the deficiencies in his claims, grants Plaintiff leave to amend.  Further, because

14  the Court finds that this matter is suitable for decision without oral argument, the Court vacates the

15  hearing set for September 2, 2010.  *See* Civil L.R. 7-1(b).

16                              **II.  FACTUAL AND PROCEDURAL BACKGROUND**

17      The relevant facts, taken from Plaintiff's Complaint and from Defendant's Request for Judicial

18  Notice[1] as are follows.

19      Plaintiff, along with his partner, Steven Christensen, owned two properties in San Francisco: a

20

21          [1]  Defendant requests that the Court take judicial notice of the following documents: (1) a
    Deed of Trust recorded in the San Francisco County Recorder's Office on March 6, 2007, as
22  Document Number 2007-I348262-00; (2) a Notice of Default and Election to Sell Under Deed of
    Trust, recorded in the San Francisco County Recorder's Office on March 23, 2010; as Document
23  Number 2010-I941702-00; (3) a Deed of Trust, recorded in the San Francisco County Recorder's
    Office on April 13, 2007, as Document Number 2007-I368488-00; and (4) a Grant Deed, recorded in
24  the San Francisco County Recorder's Office on April 13, 2007, as Document Number 2007-
    I368489-00.  Exhs. A-D to Request for Judicial Notice, ECF No. 6.  The Court may take judicial
25  notice of matters of public record without converting a motion to dismiss into a motion for summary
26  judgment.  *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9ᵗʰ Cir. 2001).  Because each of the
    exhibits are public records, the Court may properly take judicial notice of the undisputable facts
27  contained in the documents.  *See Hotel Employees & Rest. Employees Local 2 v. Vista Inn Mgmt.*
28  *Co.*, 393 F. Supp. 2d 972, 978 (N.D. Cal. 2005); Fed. R. Evid. 201(b).

UNITED STATES DISTRICT COURT
For the Northern District of California

UNITED STATES DISTRICT COURT
For the Northern District of California

condominium on Lombard Street, which is Plaintiff's primary residence, and a condominium on Delancey Street.  Complaint ¶ 1, ECF No. 1 at 5.  In October 2006, Mr. Christensen died. Complaint ¶ 9, ECF No. 1 at 7.  As a result, Plaintiff contacted Defendant regarding removing Mr. Christensen's name from the mortgage loans on the properties.[2]  Complaint ¶ 11, ECF No. 1 at 7. According to Plaintiff, Defendant incorrectly informed him that he would have to refinance the loans in his name.  *Id.*  Plaintiff alleges that Defendant's preferred account manager, Dennis Mahoney, advised him to take a five-year interest-only loan, despite Plaintiff's concern that he could not keep both properties on his income and the fact that Mr. Mahoney knew Plaintiff would not be able to afford the loan payments and faced a high probability of foreclosure on the properties.  Complaint ¶¶ 15, 16, 19, 29.

Relying on Defendant's representation, on February 27, 2007,[3] Plaintiff executed a $650,000 mortgage loan from Defendant.  Complaint ¶ 4, ECF No. 1 at 6; *see* Deed of Trust, Exh. A to Request for Judicial Notice, ECF No. 6-1.  The loan was secured by a Deed of Trust on the Lombard property, and was recorded with the San Francisco County Record's Office on March 6, 2007.  *Id.* Plaintiff subsequently defaulted on the loan.  As a result, a Notice of Default and Election to Sell Under Deed of Trust was recorded on March 23, 2010,  Exh. B to Request for Judicial Notice, ECF No., ECF No. 6-2.  The Notice of Default indicates that Plaintiff was $18,855.25 in arrears on March 22, 2010.  *Id.*

Additionally, Plaintiff refinanced the loan on the Delancey Street property.  On April 5, 2007, Plaintiff, in his individual capacity, executed a loan for $531,000 from Defendant.  *See* Deed of

---

[2]  Following Mr. Christensen's death, Plaintiff owned 50% of the Lombard and Delancey Street properties as Successor Trustee of the Steven Harold Christensen Revocable Inter Vivos trust under agreement dated December 23, 1998, and owned 50% as Trustee of the Fernando Punla Briosos Revocable Inter Vivos Trust under agreement dated December 23, 1998.  *See* Exh. A to request for Judicial Notice, ECF No. 6-1 at 2; Exh. D to Request for Judicial Notice, ECF No. 6-4 at 2.

[3]  There is a discrepancy in the date Plaintiff entered into the loan.  Plaintiff alleges he signed executed the loan agreement on March 6, 2007.  Complaint ¶ 4, ECF No. 1 at 6.  Defendant, however, states that Plaintiff executed the loan agreement on February 27, 2007.  Defendant's Motion, ECF No. 5 at 9.  Based on the date reflected in the Deed of Trust, the Court will use the latter date.  *See* Exh. A to Request for Judicial Notice, ECF No. 6-1 at 2.

1   Trust, Exh. C to Request for Judicial Notice, ECF No. 6-3.  The loan was secured with a Deed of

2   Trust on the Delancey Street property, which was recorded with the San Francisco County

3   Recorder's Office on April 13, 2007.  *Id.*

4       In March 2010, Plaintiff filed this lawsuit in San Francisco Superior Court, seeking to rescind

5   the loans, obtain quiet title to the properties, and obtain damages for fraud and violation of

6   California's unfair competition law.  On June 28, 2010, Defendant removed the action to this Court,

7   asserting that the Court has jurisdiction over the matter under 28 U.S.C. § 1331 based on Plaintiff's

8   federal TILA claim.  Notice of Removal, ECF No. 1 at 1.  On July 6, 2010, Defendant filed the

9   instant motion, seeking dismissal of each of Plaintiff's claims pursuant to Rule 12(b)(6), or,

10  alternatively, a more definite statement pursuant to Federal Rule of Civil Procedure 12(e).

11  Defendant's Motion, ECF No. 5.  Because Plaintiff's claims as plead are not so vague or ambiguous

12  to inhibit Defendant from preparing a response, the Court denies Defendant's motion for a more

13  definite statement and addresses Defendant's motion pursuant to Rule 12(b)(6).  *See* Fed. R. Civ.

14  Pro. 12(e); *Ingram v. Grant Union High School Dist.*, No. CIV S-08-2490, 2010 WL 3245169, at *9

15  (E.D. Cal. Aug. 16, 2010) (denying Rule 12(e) motion when allegations in support of claim not

16  impermissibly vague or ambiguous).

17                              **II.  LEGAL STANDARD**

18      Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim

19  for "failure to state a claim upon which relief can be granted."  A motion to dismiss under Rule

20  12(b)(6) "tests the legal sufficiency of a claim."  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

21  In order to survive a motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief

22  that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim

23  has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

24  reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 129

25  S.Ct. 1937, 1949 (2009).  "The plausibility standard is not akin to a 'probability requirement,' but it

26  asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id.* (quoting *Twombly*,

27  550 U.S. at 557.)  In considering a motion to dismiss, a court must accept all of the plaintiff's

28  allegations as true.  *Id.* at 550; *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007).  The plaintiff's

1   complaint need not contain detailed factual allegations, but it must contain more than a "formulaic

2   recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. "Threadbare recitals of

3   the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*,

4   129 S. Ct. at 1949. In reviewing a motion to dismiss, courts may also consider documents attached

5   to the complaint. *Parks School of Business, Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995)

6   (citation omitted). Additionally, courts may consider a matter that is properly the subject of judicial

7   notice, such as matters of public record. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir.

8   2001). If the court dismisses the complaint, it "should grant leave to amend even if no request to

9   amend the pleading was made, unless it determines that the pleading could not possibly be cured by

10  the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir.2000).

### III. DISCUSSION

12      In its Motion, Defendant challenges each of Plaintiff's four claims. It argues that Plaintiff's

13  TILA rescission claim is time-barred and that Plaintiff has failed to adequately plead the ability to

14  tender the loan proceeds, which is a mandatory step in the rescission process under 15 U.S.C. §

15  1635(c). Defendant's Motion, ECF No. 5 at 14-17. Defendant challenges Plaintiff's fraud claim on

16  the ground that Plaintiff has failed to plead the essential allegations of fraud with particularity, as

17  required by Federal Rule of Civil Procedure 9(b), and because the allegations do not amount to an

18  actionable fraud claim. Defendant's Motion, ECF No. 5 at 11-13. As to Plaintiff's quiet title claim,

19  Defendant asserts that because Plaintiff has not tendered repayment of the outstanding amounts of

20  the loans, he cannot seek to quiet title to the properties in his name. *Id.*, ECF No. 5 at 13-14.

21  Finally, Defendant contends that, having failed to plead a viable claim, Plaintiff lacks any

22  underlying violation to sustain his unfair competition law claim under California Business &

23  Professions Code § 17200. *Id.*, ECF No. 5 at 17-19.

24      Because the Court's jurisdiction over this case hinges on the existence of a viable federal claim,

25  the Court turns to Plaintiff's TILA claim first.

### A. Truth In Lending Act Claim

27      In his third cause of action, Plaintiff asserts a claim for rescission under TILA. Complaint ¶¶ 38-

28  45, ECF No. 1 at 9-10. Specifically, Plaintiff alleges as follows:

**United States District Court**
**For the Northern District of California**

**UNITED STATES DISTRICT COURT**
For the Northern District of California

39.  At the closing of the refinance on 101 Lombard, which was Plaintiff's primary residence[,] [D]efendant failed to provide Plaintiff with completed disclosures of his notice of right to cancel[.]

40.  On June 11, 2009, less than 3 years later, Plaintiff mailed, by certified mail with return receipt requested, a rescission letter pursuant to Plaintiff's right under 15 U.S.C. § 1635, commonly known as the Truth in Lending Act[.]

41.  In response to the letter, Wells Fargo flippantly replied that they would not honor the rescission.

42.  Wells Fargo did not seek relief from a court of law, but rather simply summarily denied the request, despite Plaintiff's attachment of the unlawful disclosure alleged above.

43.  Defendants [sic] Wells Fargo have not yet released their title claim to the Subject Property, nor refunded Plaintiff's closing costs and other costs incurred as a result of the debt[.]

44.  Plaintiff has the ability to tender pursuant to TILA should the court find that his substantive right to rescind is valid.

45.  Plaintiff prays to rescind the loan and deed of Trust on 101 Lombard pursuant to this extended right of rescission[.]

Complaint ¶¶ 40-45, ECF No. 1 at 9-10.[4]  Defendants moves to dismiss Plaintiff's TILA rescission claim on the grounds that: (1) the claim is barred by the three-year statute of repose, divesting the Court of jurisdiction; (2) Plaintiff failed to adequately aver that he has tendered or that he has the ability to tender the loan proceeds, and (3) Plaintiff lacks any basis for rescission.  Defendant's Motion, ECF No. 5 at 14-17.  The Court will address each of Defendant's arguments in turn.

1.  Timeliness of Plaintiff's TILA Rescission Claim

"Under the Truth in Lending Act, [] 15 U.S.C. § 1601 *et seq*., when a loan made in a consumer credit transaction is secured by the borrower's principal dwelling, the borrower may rescind the loan agreement if the lender fails to deliver certain forms or to disclose important terms accurately." *Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 411 (1998) (citing 15 U.S.C. § 1635).[5]  Section 1635(a)

---

[4]  Plaintiff does not allege that he sought to rescind the loan on the Delancey Street property or has an ability to tender the proceeds of that transaction.

[5]  In *Beach*, the Court addressed whether a borrower may assert his right to rescind as an affirmative defense in a collection action brought by the lender more than three years after the consummation of the transaction.  523 U.S. at 411-12.  The borrowers in that case acknowledged that their right to institute an independent proceeding for rescission under § 1635 lapsed three years

1  provides that a borrower initially has three days following the consummation of the transaction or

2  the delivery of the disclosure forms required under § 1635 to notify the creditor of his intent to

3  rescind.  15 U.S.C. § 1635(a).  However, if the creditor either fails to provide notice of the

4  borrower's right of rescission, or fails to make a material disclosure, the three-day period is extended

5  to three years.  *See Miguel v. Country Funding Corp.*, 309 F.3d 1161, 1163 (9th Cir. 2002) (citing 15

6  U.S.C. § 1635(f)); 12 C.F.R. § 226.23(a)(3)).  Specifically, § 1635(f) of TILA provides in pertinent

7  part:

> An obligor's right of rescission shall expire three years after the date of
8  consummation of the transaction or upon the sale of the property, whichever occurs
9  first, notwithstanding the fact that the information and forms required under this
section or any other disclosures required under this part have not been delivered to
10  the obligor.

11  15 U.S.C. § 1635(f).

12      Here, Plaintiff contends that Defendant did not provide him with "completed disclosures of his

13  notice of right to cancel."  Complaint ¶ 39.  Plaintiff's claim is therefore governed by the three-year

14  limitations period in § 1635(f).  Defendant contends that because Plaintiff did not file this lawsuit

15  asserting his TILA rescission claim until March 8, 2010 – more than three years after the

16  consummation of the loan on February 27, 2007 – any claim for rescission is barred.  Defendant's

17  Motion, ECF No. 5 at 16.  Plaintiff, however, maintains that § 1635(f) only requires that he exercise

18  his right to rescind within the three-year period; it does not require that he file a rescission claim

19  ——————————————

20  after they closed on their loan wit the bank, but they argued that the restriction to three years in §
1635(f) is a statute of limitation governing only the institution of a lawsuit, but had no effect when a
21  borrower claimed a right of rescission as a defense in recoupment" to a collection action by the
lender.  *Id*. at 415.  Examining § 1635(f), the Court reasoned that the language "takes us beyond any
22  question whether it limits more than the time for bringing a suit by governing the life of the
underlying right as well."  *Id*. at 417.  It noted that the subsection expressly addresses whether the
23  "right to rescission" under TILA expires.  *Id*.  The Court indicated that by addressing the "right's"
24  duration, it "render[ed] any limitation on the time for seeking a remedy superfluous."  *Id*.  Moreover,
the Court contrasted this language with that of § 1640(e), which provided that "the 1-year limit on
25  actions for damages 'does not bar a person from asserting a violation of this subchapter in an action
to collect the debt which was brought more than one year from the date of the occurrence of the
26  violation as a matter of defense by recoupment or set-off in such action, except as otherwise
provided by State law."  *Id* at 416-18 (quoting 15 U.S.C. § 1640(e)).  The Court thus concluded that
27  Congress intended to foreclose the federal right to rescind provided under TILA, defensively or
28  otherwise, after the 3-year period of § 1635(f) has run.  *Id.* at 419.

**UNITED STATES DISTRICT COURT**
**For the Northern District of California**

within that period.  Because Plaintiff sent a rescission letter to Defendant on June 1, 2009, Plaintiff

asserts that there is no issue regarding timeliness.  While this issue falls within an unsettled area of

law, based on the decisions that have addressed this issue, the Court agrees with Plaintiff.

As both parties recognize, there is a split of authority regarding whether § 1635(f) requires a

borrower to *file* a rescission claim within three years after a transaction is consummated, or whether

the borrower must only *assert his right* to rescission within that period.  In support of its position,

Defendant primarily relies on the Ninth Circuit's decision in *Miguel v. Country Funding Corp.*, 303

F.3d 1161 (9th Cir. 2002).  In that case, the Ninth Circuit reviewed the Supreme Court's decision in

*Beach v. Ocwen Federal Bank*, 523 U.S. 410 (1998), and held that § 1635(f) "is a statute of repose,

depriving the courts of subject matter jurisdiction when a § 1635 claim is brought outside the three-

year limitation period."  *Miguel*, 309 F.3d at 1164.  Accordingly, the Ninth Circuit determined that

"[b]ecause [the plaintiff] did not attempt to rescind against the proper [creditor] within the three-year

limitation period, her right to rescind [under § 1635] expired."  *Id.* at 1164-65.

Focusing on this language in *Miguel*, several district courts in this circuit have taken the same

approach and dismissed TILA rescission claims *filed* more than three years after the underlying

transaction occurred.  *See, e.g., Sam v. Am. Home Mortgage Servicing*, No. CIV S-09-2177, 2010

WL 761228, at *2 (E.D. Cal. Mar. 3, 2010) (dismissing TILA rescission claim filed after statute of

repose expired and finding notice of rescission sent within three-year period "irrelevant"); *Gates v.

Wachovia Mortgage, FSB*, No. 2:09-CV-02464, 2010 WL 902818, at *4 (E.D. Cal. Feb. 19, 2010)

("Because plaintiff filed her Complaint over three years from the date of consummation, the court is

without jurisdiction to consider her claim for rescission under TILA."); *Falcocchia v. Saxon

Mortgage, Inc.*, No. CIV S-09-2700, 2010 WL 2179957, at * 4-5 (E.D. Cal. May 27, 2010)

(although plaintiffs sought to rescind their loan prior to expiration of three-year period, they did not

bring a judicial action seeking rescission until after that time, making claim untimely); *Ramos v.

Citimortgage, Inc.*, No. CIV 08-2250, 2009 WL 86744, at *4 (E.D. Cal. Jan. 8, 2009) (noting that

plaintiff provided defendant with a valid notice of rescission within the three-year time period in §

1635(f), "because plaintiff filed hiss complaint over three years from the date on which he

consummated his loan, the court is without jurisdiction to consider his claim for rescission under

1   TILA."); *Gonzalez v. Homeq Servicing*, No. 1:09-CV-00951, 2010 WL 289303, *3 (E.D. Cal. Jan.

2   15, 2010) (claim for rescission under TILA filed eight months after three-year statute of limitations

3   was time-barred).  Under the reasoning in these cases, because Plaintiff did not file this lawsuit

4   formally asserting a claim for rescission within three years after he refinanced the Lombard

5   property, his claim is barred and this Court is divested of jurisdiction to hear it.

6          However, there are district court decisions from this Circuit that have interpreted both the

7   Supreme Court's *Beach* decision and the Ninth Circuit's *Miguel* decision to allow a plaintiff to

8   assert a rescission claim outside the three-year period set forth in § 1635(f), provided the plaintiff

9   exercised his right to rescind within that period.  In *Santos v. Countrywide Home Loans*, No. 1:09-

10  CV-00912, 2009 WL 2500710, at *4-5 (E.D. Cal. Aug. 14, 2009), the court held that a plaintiff who

11  had timely given notice to a creditor of his intent to rescind the transaction prior to the end of the

12  three-year limitations period could assert a rescission claim outside that period, but within the one-

13  year limitations period borrowed from § 1640, which ran from the time the defendant failed to

14  respond to the rescission demand.  In reaching this decision, the *Santos* court analyzed the language

15  in *Beach* which the Ninth Circuit relied on in *Miguel*, and noted that the Supreme Court's discussion

16  focused on the *right of rescission*, not a claim for rescission:

17          The Supreme Court in [*Beach*], the case the *Miguel* court relied on in conclud[ing] §
            1635(f) is a statute of repose, specifically states that **"subsection [1635(f)] says**
18          **nothing in terms of bringing an action** but instead provides that the 'right of
            rescission under the Act shall expire' at the end of the time period." *Beach*, 523 U.S.
19          at 417 (emphasis added and additions in original omitted).  Section 1635 clearly
            states that a consumer, in order [to] exercise their right of rescission under TILA,
20          need only notify the creditor, in "accordance with regulations oft he [Federal
            Reserve] Board, of his intention to do so." 15 U.S.C. § 1635(a).  The Federal
21          Reserve Board's regulations state plainly that "[t]o exercise the right to rescind, the
            consumer shall notify the creditor of the rescission by mail, telegram or other means
22          of written communication." 12 C.F.R. § 226.23.  The regulation does not state or
            even refer to filing a suit in federal court.  Once a consumer exercises their right to
23          rescission by providing timely written notice in accordance with the requirements of
            12 C.F.R. § 226.23, the creditor has twenty days to respond.  *See* 15 U.S.C. §
24          1635(b).  The First Circuit and some district courts have held that failure to respond
            to the notice of rescission in compliance with 15 U.S.C. § 1635(b) triggers the
25          general one year statute of limitations for violations under TILA.[]  *See* 15 U.S.C. §§
            1635(g), 1640(e); *Palmer v. Champion Mortgage*, 465 F.3d 24, 27 (1st Cir. 2006) ("If
26          a creditor does not respond to a rescission request within twenty days, the debtor may
            file suit in federal court to enforce the rescission right"); *In re Hunter*, 400 B.R. 651,
27          662 (Bankr. N.D. 2009); *Johnson v. Long Beach Mortgage Loan Trust 2001-4*, 451 F.
            Supp. 2d 16, 39-41 (D.D.C. 2006).

28

*Santos*, 2009 WL 2500710, at *4 (footnote omitted).  The *Santos* court also noted that *Miguel* did not address the issue whether a plaintiff who had timely given notice could file a rescission claim outside the three-year limitations period, and recognized – albeit in dicta – that 15 U.S.C. § 1640(e) provides the borrower one year from the refusal of cancellation to file suit.  *Id*. at *5 (citing *Miguel*, 309 F.3d at 1665).  Against this backdrop, the district court in *Santos* granted the plaintiffs leave to amend their complaint to allege facts regarding the written notice they provided to the creditor within the three-year period.  *Id*.  *Santos* is not alone in this approach.  *See Jozinovich v. JP Morgan Chase Bank, N.A.*, No. C 09-3326 TEH, 2010 WL 234895, at *5 (N.D. Cal. Jan.14, 2010) (finding that plaintiff's rescission claim was timely when plaintiff mailed a rescission letter within the three-year limitations period, but dismissing the claim on other grounds); *Pearce v. Bank of Am. Home Loans*, No. C 09-3988 JF, 2010 WL 2348637, at *4-5 (N.D. Cal. June 8, 2010) (concluding that "both the language of [§ 1635] and *Beach*'s interpretation of that language suggest strongly that the statute of repose applies to the right of rescission under TILA and not the filing of a lawsuit.").

While still the minority approach in this Circuit, this Court agrees with the reasoning set forth in the second line of cases.  As the *Santos* decision highlighted, the Supreme Court's analysis of § 1635(f) in *Beach* focused on "whether § 1635(f) is a statute of limitation, that is, 'whether [it] operates, with the lapse of time, *to extinguish the right which is the foundation for the claim*' or 'merely to bar the remedy for its enforcement.'"  *Beach*, 523 U.S. at 412 (quoting *Midstate Horticulatural Co. v. Penn. R. Co.*, 320 U.S. 356, 358-59 & n.4 (1943)) (emphasis added).  Examining the plain language of § 1635(f), the Supreme Court determined that "[s]ection 1635(f) . . . takes us beyond any question whether it limits more than the time for bringing a suit, by governing the life of the underlying right as well . . . . It talks not of a suit's commencement but of a right's duration, which it addresses in terms so straightforward as to render any limitation on the time for seeking a remedy superfluous."  *Id*. at 417.  While the *Miguel* decision has been widely cited for the proposition that § 1635(f) bars TILA rescission claims brought outside the three-year limitation period, the Ninth Circuit held that the plaintiff's "*right* to rescind expired" because the plaintiff "*did not attempt to rescind* against the proper entity within the three-year limitation period."  *Miguel*, 309 F.3d at 1164-65.  The Ninth Circuit further recognized that § 1640(e) provides a borrower one year

UNITED STATES DISTRICT COURT
For the Northern District of California

1   from the refusal of cancellation to file suit, but "[b]ecause cancellation was not effected during the

2   three-year period, the additional year statute of limitations provided by § 1640 is irrelevant; it relates

3   to the time for filing suit once cancellation has been wrongly refused." *Id.* at 1165 (citing 15 U.S.C.

4   § 1640(f)).

5       Here, in contrast to *Miguel*, Plaintiff *did attempt to rescind the loan* within three years after the

6   transaction was consummated by sending a letter to Defendant requesting rescission of the

7   transaction on June 11, 2009.  Thus, Plaintiff exercised his right to rescission before the right

8   expired by operation of § 1635(f)'s three-year limitations period.  The fact that Plaintiff did not seek

9   to enforce the remedy for violation of the right until he filed this lawsuit on March 8, 2010, does not

10  undermine the fact that he exercised his right to rescission within the prescribed limitations period.

11  Moreover, Plaintiff filed this lawsuit less than one year after Defendant rejected his request for

12  rescission, which is within the one-year period set forth in § 1640(e).  The Court therefore finds that

13  § 1635(f) does not bar Plaintiff's rescission claim or divest this Court of jurisdiction to hear it.

14      2.  <u>Tender</u>

15      Defendant also urges the Court to dismiss Plaintiff's TILA claim because he failed to adequately

16  allege facts demonstrating that he is able to tender the loan proceeds.  Defendant's Motion, ECF No.

17  5 at 10-11.  Section 1635(b) sets forth the protocol for return of money and property when a borrow

18  exercises his right to rescind.  Pursuant to § 1635(b), within 20 days of receiving notice of

19  rescission, the creditor must return all money and property paid to the borrower and terminate the

20  security interest in the property.[6]  15 U.S.C. § 1635.  Once the creditor completes its obligation, the

---

22      [6] Section 1635 states in its entirety:

    (b) Return of money or property following rescission

24  When an obligor exercises his right to rescind under subsection (a) of this section, he is not liable for
any finance or other charge, and any security interest given by the obligor, including any such

25  interest arising by operation of law, becomes void upon such a rescission. Within 20 days after
receipt of a notice of rescission, the creditor shall return to the obligor any money or property given

26  as earnest money, downpayment, or otherwise, and shall take any action necessary or appropriate to
reflect the termination of any security interest created under the transaction. If the creditor has

27  delivered any property to the obligor, the obligor may retain possession of it. Upon the performance

28  of the creditor's obligations under this section, the obligor shall tender the property to the creditor,
except that if return of the property in kind would be impracticable or inequitable, the obligor shall

**UNITED STATES DISTRICT COURT**
**For the Northern District of California**

1    borrower must tender the property he received from the creditor.  *See id*.  The implementing

2    regulation for 1635(b) establishes a similar protocol for the borrower and creditor upon rescission.

3    *See* 12 C.F.R. § 226.23.  Notably, § 1635(b) provides that "[t]he procedures prescribed by this

4    subsection shall apply except when otherwise ordered by a court."  15 U.S.C. § 1635(b).  The Ninth

5    Circuit has held that district courts have the discretion to modify the sequence of rescission of

6    events, including conditioning rescission on tender by the borrower of the property he received from

7    the lender.  *See Yamamoto v. Bank of N.Y.*, 329 F.3d 1167, 1171, 1173 (9th Cir. 2003); *Ljepava v.*

8    *M.L.S.C. Props., Inc.*, 511 F.2d 935, 944 (9th Cir. 1975); *Palmer v. Wilson*, 502 F.2d 860, 862-63 (9th

9    Cir. 1974).  Whether a court should exercise its discretion and alter the sequence of procedures

10   under § 1635(b) must be determined on a case-by-case basis, considering the entirety of the

11   circumstances, including the nature of the violations and the borrower's ability to repay the

12   proceeds.  *Yamamoto*, 329 F.3d at 1173.  In *Yamamoto*, for instance, the Ninth Circuit held that in

13   light of evidence that the borrowers were unable to pay back the loan proceeds, the district court did

14   not abuse its discretion by modifying the rescission sequence of rescission events to require the

15   borrowers to first tender the loan proceeds, and then dismissing their TILA rescission claim when

16   they were unable to do so.  *Id*. at 1173.

17        Relying on *Yamamoto*, numerous district courts in this circuit have dismissed TILA rescission

18   claims at the motion to dismiss stage on the ground that the borrower failed to allege a present

19   ability to tender.  *See Cook v. Wells Fargo Bank*, No. 09cv2757, 2010 WL 1289892, at *4 (S.D. Cal.

20   Mar. 26, 2010) (listing cases dismissing TILA claim at pleading stage).  At the same time, several

21   district courts have allowed a TILA rescission claim to survive a motion to dismiss, notwithstanding

22   the plaintiff's failure to allege an ability to tender.  *See id*. (identifying cases).  "However, 'by far the

23   majority of [c]ourts to address the issue recently have required that borrowers allege an *ability*  to

24

25   ─────────────────────

26   tender its reasonable value. Tender shall be made at the location of the property or at the residence
     of the obligor, at the option of the obligor. If the creditor does not take possession of the property

27   within 20 days after tender by the obligor, ownership of the property vests in the obligor without
     obligation on his part to pay for it. The procedures prescribed by this subsection shall apply except

28   when otherwise ordered by a court.

UNITED STATES DISTRICT COURT
For the Northern District of California

tender the principal balance of the subject loan in order to state a claim for rescission under TILA.'"
*Id.* (quoting *Garcia v. Wachovia Mortg. Corp.*, 676 F. Supp. 2d 895, 901 (C.D. Cal. 1999)); *see also Ulteras v. ReconTrust Co.*, No. C 09-8810, 2010 WL 2305857, at *3 (C.D. Cal. June 7, 2010) (agreeing with "developing majority position" as articulated in *Garcia*). In *Garcia*, for example, the court reasoned that the plaintiff must allege – subject to Federal Rule of Civil Procedure 11's verification requirement – an ability to tender in order to state claim under TILA and Regulation Z, and dismissed the plaintiff's TILA rescission claim because the plaintiff failed to do so. *Garcia*, 676 F. Supp. 2d at 904-05.

Here, Plaintiff has expressly alleged that he "has the ability to tender pursuant to TILA should the court find that his substantive right to rescind is valid." Complaint, ECF No. 1 at 10. Defendant, however, argues that despite this averment, the Complaint lacks "any clear allegation that Plaintiff has the ability to return $650,000.00, less certain finance charges and repayments made to date." Defendant's Motion, ECF No. 5 at 17. Rather, Defendant asserts that "both the [C]omplaint and the judicially noticeable Notice of Default on the Lombard Street property seem to indicate that [Plaintiff] is unable to make the monthly payments on the loan as he agreed to, much less pay it back in full." Defendant's Motion, ECF No. 5 at 17. Plaintiff counters that he has sufficiently alleged his ability to tender and that any argument to the Court regarding conditioning rescission on tender is premature at this stage. Plaintiff's Opposition, ECF No. 12 at 8.

The district court in *Cook* addressed the same issue. There, the defendant argued that the plaintiffs' TILA rescission claimed failed because the plaintiff had not alleged a "credible tender." *Cook*, 2010 WL 1289892, at *4. After thoroughly reviewing prior decisions analyzing the requirement that a plaintiff plead tender as part of a rescission claim, the *Cook* court concluded that the plaintiffs were required "to plead facts that would establish their ability to tender before it will reach the substance of their TILA claims." *Id.* at *5. It noted that the plaintiffs had merely pled a "willingness" or "preparedness" to tender, but had not pled facts that would establish their *ability* to tender. *Id.* The court therefore dismissed the plaintiffs' rescission claim with leave to amend to plead facts that would establish either their present ability to tender the loan proceeds or the expectation that they will be able to tender. *Id.* at *5.

**UNITED STATES DISTRICT COURT**
**For the Northern District of California**

1    The court in *Valdez v. America's Wholesale Lender*, No. C 09-2778 JF, 2009 WL 5114305, at *5

2  (N.D. Cal. Dec. 18, 2009), took a similar approach.  The court first reviewed the two lines of

3  authority applying *Yamamoto*.  It reasoned that while the line of cases holding that a failure to allege

4  the ability to tender was not fatal to a TILA rescission claim was more consistent with the liberal

5  pleading requirements of Rule 8, the line of cases holding that TILA rescission claims are subject to

6  dismissal if the borrower fails to allege a present ability to tender the loan proceeds recognized that

7  Congress did not intend to reduce mortgage companies to unsecured creditors and that rescission is

8  an empty remedy if a plaintiff is unable to pay back what he received.  *Id.* (citing *Del Valle v. Mortg.*

9  *Bank of Cal.*, No. C-F-09-1316, 2009 WL 3786061, at *8 (E.D. Cal. Nov. 10, 2009) & *Garza v. Am.*

10  *Home Mortg.*, CV F 08-1477, 2009 WL 188604, at *5 (E.D. Cal. 2009)).  The *Valdez* court therefore

11  determined that it was appropriate to exercise its discretion under *Yamamoto* to require the plaintiffs

12  to allege "either the present ability to tender the loan proceeds or the expectation that they will be

13  able to tender within a reasonable time."  *Id.*  To guide the plaintiffs, the court identified the type of

14  allegations that would suffice: "For example, a TILA plaintiff might be able to allege that while she

15  lacks the liquidity to tender the loan proceeds at the time she files the rescission claim, she has

16  sufficient equity in the home and a willingness to sell that would render it likely that she could

17  tender the loan proceeds if given a reasonable period of time."  *Id.* at 5 n.3.

18    This case, however, presents a new twist on this recurring pleading issue.  While Plaintiff has

19  alleged an "ability to tender," Plaintiff's allegation is conclusory and there are no other facts in the

20  Complaint demonstrating such an ability.  The question thus becomes whether merely alleging the

21  ability to tender – in a conclusory manner and without any other allegations in support – is sufficient

22  to withstand a motion to dismiss a rescission claim.

23    Like the *Cook* and *Valdez* courts, this Court finds it is appropriate to exercise its discretion and

24  modify the rescission protocol to condition rescission on Plaintiff's tender of the loan proceeds.

25  Toward this end, Plaintiff must, at a minimum, allege facts supporting his representation that he has

26  the ability to tender.  His conclusory allegation that he has the ability to tender - without more - will

27  not suffice.  Instead, Plaintiff must set forth factual allegations demonstrating he has the resources

28  (or may readily obtain them) to be in a position to tender the loan proceeds.  Absent such factual

UNITED STATES DISTRICT COURT
For the Northern District of California

1    allegations, there is nothing in the Complaint raising his right to rescission beyond the speculative

2    level, making dismissal appropriate.  *See Bell Atl. Corp.*, 550 U.S. at 555; *Cook*, 2010 WL 1289892,

3    at *5; *Valdez*, 2009 WL 5114305, at *5 n.3 (describing the type of facts that would satisfy plaintiff's

4    pleading burden); *Kariguddaiah v. Wells Fargo*, No. C 09-5716 MHP, 2010 WL 2650492 (N.D.

5    Cal. July 1, 2010) ("To survive a motion to dismiss, [the plaintiff] should have alleged facts

6    indicating that he is in fact able to tender the amount he owes - an inference not plausible from the

7    present complaint.").

8        Further, requiring Plaintiff to set forth facts at least suggesting he has the ability to tender the

9    proceeds is especially important in the instant case because the sole basis for the Court's jurisdiction

10   is rooted in Plaintiff's TILA claim.  As the *Valdez* court aptly stated, "[i]t makes little sense to let the

11   instant rescission claim proceed absent some indication that the claim will not simply be dismissed

12   at the summary judgment stage after needless depletion of the parties' and the Court's resources."

13   *Valdez*, 2009 WL 5114305 at *5.  Accordingly, the Court will dismiss Plaintiff's TILA claim and

14   grant leave to amend to plead allegations regarding his ability to tender.

15        3.   Damages Under TILA

16       Although Plaintiff's Complaint is devoid of allegations indicating that he is seeking damages

17   under TILA, Plaintiff states in his Opposition that he "seeks to enforce rescission of the loan

18   transaction under section 1635(f) *and pursue statutory damages* as provided in section 1640."

19   Plaintiff's Opposition, ECF No. 12 at 6 (emphasis added).[7]  As indicated above, Plaintiff's third

20   cause of action is labeled "*Rescission* Under the Truth in Lending Act," and alleges that Plaintiff

21   "prays to rescind the loan and deed of Trust on 101 Lombard pursuant to this extended right of

22   rescission."  Complaint, ECF No. 1 at 9-10 (emphasis added).  If Plaintiff intends to also pursue a

23   claim for damages under TILA stemming from his demand for rescission, Plaintiff must amend his

24   Complaint to reflect such a claim, he cannot simply re-cast his claim in an opposition brief.  The

25   Court therefore declines to address any arguments relating to a damages claim under TILA.

26

27        [7]  Curiously, in this paragraph of Plaintiff's Opposition, there are references to an unknown

28   person named "Lee" and the arguments that "Lee" is making in response to Defendant's motion.
     *See* Plaintiff's Opposition, ECF No. 12 at 6.

C 10-02834 (LB)

**B.  Fraud Claim**

Plaintiff's first state law cause of action is for fraud.  Complaint ¶¶ 8-31, ECF No. 1 at 6-8.
Defendant urges the Court to dismiss this claim because Plaintiff has failed to plead it with the
requisite particularity and because he cannot establish certain elements of the claim.

"The elements of a cause of action for fraud in California are: '(a) misrepresentation (false
representation, concealment, or nondisclosure ); (b) knowledge of falsity (or 'scienter'); (c) intent to
defraud, *i.e.*, to induce reliance; (d) justifiable reliance; and (e) resulting damage.'"  *Kearns v. Ford
Motor Co.*, 567 F.3d 1120, 1126 (9th Cir. 2009) (quoting *Engalla v. Permanente Med. Group, Inc.*,
15 Cal. 4th 951, 974 (1997)).  Under Federal Rule of Civil Procedure 9(b), a party alleging fraud
must satisfy a heightened pleading standard by stating with particularity the circumstances
constituting fraud.  Fed. R. Civ. P. 9(b).  Specifically, "[a]verments of fraud must be accompanied
by 'the who, what, when, where, and how' of the misconduct charged."  *Vess v. Ciba-Geigy Corp
USA*, 317 F.3d 1097, 1106 (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir.1997)).  Further, "a
plaintiff must set forth more than the neutral facts necessary to identify the transaction.  The plaintiff
must set forth what is false or misleading about a statement, and why it is false."  *Id.* (quoting
*Decker v. GlenFed, Inc.* (*In re GlenFed, Inc. Sec. Litig.*), 42 F.3d 1541, 1548 (9th Cir.1994)
(superceded by statute on other grounds)).

Defendant first challenges Plaintiff's fraud claim on the ground that Plaintiff has not pled it with
the specificity required under Rule 9(b).  In his Opposition, Plaintiff contends that he has met the
heightened pleading requirement.  Plaintiff identifies two statements that form the basis of his claim:
(1) the statement that the terms of the subject loan would be affordable to him; and (2) a refinance
was necessary to remove Mr. Christiansen's name from the loan.  Plaintiff's Opposition, ECF No.
12 at 10-11.

As to the first representation, Plaintiff has alleged that one of Defendant's agents, Dennis
Mahoney, told him that $1,5000 per week was sufficient income to afford the payments under the
loans.  *See* Complaint ¶ 19, ECF No. 1 at 7.  Plaintiff also argues that he has alleged that Mr.
Mahoney made the statement to him over the phone in January 2007, in San Francisco.  Plaintiff's
Opposition, ECF No. 12 at 10-11 (citing Complaint ¶¶ 11, 19.  However, Plaintiff has failed to

1    allege any facts indicating how the statement was false.  *See Sipe v. Countrywide Bank*, No. 690 F.

2    Supp. 2d 1141, 1156-57 (E.D. Cal. 2010).

3         As to the second representation that a refinance was necessary to remove Mr. Christiansen's

4    name from the loan, Plaintiff fails to allege who made the statement.  *See* Complaint ¶ 11 ("On or

5    about January 2007, Plaintiff contacted defendant to request that Mr. Christiansen's name be

6    removed from the subject loans.  Upon receiving this request, Defendant transferred Plaintiff to the

7    "preferred accounts department, "where plaintiff was told that the only way to accomplish this was

8    to refinance the subject loans in his name only.")  If Plaintiff believes that Mr. Mahoney also made

9    this statement, Plaintiff must allege this fact in his Complaint.  As it stands, Plaintiff has not

10   identified who made this allegedly fraudulent representation to him.  Further, Plaintiff has not

11   alleged any facts as to how this statement was false or misleading.  For these reasons, Plaintiff's

12   fraud claim based on this representation is deficient and must be re-plead if Plaintiff intends to

13   proceed on it.

14        Next, Defendant argues that, even if Plaintiff's fraud allegations are sufficient, Plaintiff has not

15   alleged actionable misrepresentation or reasonable reliance.  Defendant's Motion, ECF No. 5 at 12.

16   Specifically, Defendant asserts that "[w]hether or not a borrower can 'afford' a loan is a matter of

17   opinion about future facts, not an actionable statement about past or existing fact."  *Id*.  However,

18   whether a statement is a an opinion that cannot support a fraud claim, or an actionable

19   misrepresentation of fact is a factual question not suitable for determination at the motion to dismiss

20   stage.  *See Furla v. Jon Douglas Co.*, 65 Cal. App. 4th 1069, 1081 (1998).  Similarly, Defendant's

21   argument that Plaintiff cannot establish justifiable reliance because, in Defendant's view, Plaintiff

22   "knew what he could pay better than anyone else, [Defendant] included . . [o]r if he did not, he

23   certainly could have ascertained that fact with minimal effort"  Defendant's Motion, ECF No. 5 at

24   12.  Again, Defendant's arguments raises a factual challenge that goes beyond the scope of the

25   allegations in the Complaint, and is therefore inappropriate at this stage.  *See Boeken v. Philip*

26   *Morris Inc.*, 127 Cal. App. 4th 1640, 1666 (2005) ("Under California law . . . whether reliance was

27   reasonable is a question of fact for the jury, and may be decided as a matter of law only if the facts

28   permit reasonable minds to come to just one conclusion.")

**UNITED STATES DISTRICT COURT**
**For the Northern District of California**

1   In sum, the Court finds that Plaintiff has failed to plead his fraud claim with the particularity

2   required under Rule 9(b).  The Court will therefore dismiss the claim with leave to amend.

3   **C.  Quiet Title**

4   In his fourth cause of action, Plaintiff seeks to quiet title to the Lombard and Delancey

5   Properties.  Complaint, ECF No. 1 at 10.  "The purpose of a quiet title action 'is to finally settle and

6   determine, as between the parties, all conflicting claims to the property in controversy, and to decree

7   to each such interest or estate therein as he may be entitled to .'" *Martinez v. America's Wholesale*

8   *Lender*, No. C 09-05630 WHA, 2010 WL 934617, at *5 (N.D. Cal. Mar. 15, 2010) (quoting

9   *Peterson v. Gibbs*, 147 Cal. 1, 5 (1905)).  Quiet title claims are governed by California Code of Civil

10  Procedure § 761.020, which requires that five elements be set out in a "verified complaint": (1) a

11  description of the property, both legal description and street address; (2) the title of the plaintiff, and

12  the basis for that title; (3) the adverse claims to the plaintiff's title; (4) the date as of which the

13  determination is sought; and (5) a prayer for the determination of the plaintiff's title against the

14  adverse claims.  Cal. Civ. Proc. Code § 760.020(a)-(e).

15  Here, Plaintiff failed to satisfy the threshold requirement that the claim be asserted in a verified

16  complaint.  For this reason, the claim is subject to dismiss without prejudice.  *See Reynoso v. Paul*

17  *Fin., LLC*, No. C 09-3225 SC, 2009 WL 3833298, at *5 (N.D. Cal. Nov. 16, 2009).

18  Additionally, Defendant raises several other challenges to Plaintiff's quiet title claim.  First,

19  Defendant argues that, to the extent that the claim is premised on the fraudulent conduct Plaintiff has

20  alleged as part of his first cause of action, because Plaintiff's fraud claim is defective, his quiet title

21  claim necessarily fails, as well.  Defendant's Motion, ECF No. 5 at 13-14.  As indicated above, the

22  Court finds that Plaintiff has failed to adequately plead his fraud claim.  Thus, the Court agrees with

23  Defendant that Plaintiff's fraud allegations cannot sustain his quiet title claim.

24  Further, Defendant argues that Plaintiff's quiet title claim is subject to dismissal because Plaintiff

25  failed to allege tender or the promise of tender of the $650,000 he borrowed against the Lombard

26  Property and $531,000 he borrowed against the Delancey Property.  *Id*. at 14.  Plaintiff counters that

27  he has expressly alleged tender in paragraph 50 of his Complaint.  Plaintiff's Opposition, ECF No.

28  12 at 11.

**UNITED STATES DISTRICT COURT**
**For the Northern District of California**

UNITED STATES DISTRICT COURT
For the Northern District of California

1    In California it is well-settled that "a mortgagor cannot quiet his title against the mortgagee

2    without paying the debt secured." *Shimpones v. Stickney*, 219 Cal. 637, 649 (1934); *see also Aguilar*

3    *v. Bocci*, 39 Cal. App. 3d 475, 477 (1974); *Kelley v. Mortgage Electronic Registration*, 642 F. Supp.

4    2d 1048, 1057 (N.D. Cal. 2009) ("Plaintiffs have not alleged ... that they have satisfied their

5    obligation under the Deed of Trust.  As such, they have not stated a claim to quiet title.")  Thus, to

6    maintain a quiet title claim, a plaintiff "is required to allege tender of the proceeds of the loan at the

7    pleading stage[.]"  *Velasquez v. Chase Home Finance, LLC*, No. C 10-1641 SI, 2010 WL3211905, at

8    *4 (N.D. Cal. Aug. 14, 2010).  Based on the Court's review of recent case law, it may be sufficient

9    for a plaintiff to plead an *ability* to tender.  *See e.g., Kozhayev v. America's Wholesale Lender*, No.

10   CIV S-09-2841, 2010 WL 3036001, at *5 (E.D. Cal. Aug. 2, 2010) ("Here, plaintiffs' complaint

11   does not allege that they have tendered, or are able to tender, the debt secured by the subject

12   property."); *Bonner v. Select Portfolio Servicing, Inc.*, No. C 10-609 CW, 2010 WL2925172, at *8

13   (N.D. Cal. July 8, 2010); *Juarez v. fed. Home Loan Mortg. Corp.*, No. CV 10-2542, 2010

14   WL3035956, at *5 (C.D. Cal. Aug. 2, 2010) ("Here, Plaintiff has failed to allege ability tender.").

15   Because Plaintiff has failed assert his quiet title claim in a verified complaint, the Court does not

16   have to reach the issue of whether Plaintiff must have actually tendered the debt or simply allege an

17   ability to tender.  However, because the Court is granting Plaintiff leave to amend with respect to his

18   tender allegations, and Defendant will likely re-new its challenges to any amended complaint

19   Plaintiff files, the Court advises both parties to be mindful of this issue when approaching their

20   subsequent pleadings and motions.  Moreover, Plaintiff's TILA rescission claim only mentions

21   rescission and tender as to the Lombard property.  *See* Complaint ¶¶ 38-35, ECF No. 1 at 9-10.

22   Thus, Plaintiff has not even alleged tender as to the Delancey Streety property.

23   In sum, because Plaintiff failed to assert his quiet title claim in a verified complaint, the Court

24   dismisses the claim with leave to amend.

25   **D. Unfair Business Practices Claim**

26   In his second cause of action, Plaintiff asserts a claim entitled "Unfair Business Practices."

27   Complaint, ECF No. 1 at 9.  Plaintiff alleges that Defendant: (1) "engaged in practices which are

28   likely to deceive the average customer, including but not limited to: counseling [Plaintiff] that his

C 10-02834 (LB)

1   only option for removing Mr. Christiansen's name from the loans was to refinance them;" (2)

2   "engaged in unlawful conduct in its failure to comply with the Truth in Lending Act at paragraph 15

3   U.S.C. § 1635(a);" and (3) committed unfair practices as its sales methods are both fraudulent and

4   designed to take advantage of the grieving at a time of loss."  Complaint ¶¶33-35, ECF No. 1 at 9.

5          California Business & Professions Code § 17200, also known as California's "Unfair

6   Competition Law," prohibits "any unlawful, unfair or fraudulent" business practices.  Cal. Bus. &

7   Prof. Code § 17200.  "The 'unlawful' practices prohibited by section 17200 are any practices

8   forbidden by law, be it civil or criminal, federal, state, or municipal, statutory, regulatory, or

9   court-made."  *Suanders v. Superior Court*, 27 Cal. App. 4th 832- 838-39 (1994).  Thus, § 17200

10  "'borrows' violations of other laws and treats them as unlawful practices independently actionable

11  under section 17200."  *Id*.  Thus, a defendant "cannot be liable under § 17200 for committing

12  unlawful business practices without having violated another law."  *Ingles v. Westwood One*

13  *Broadcasting, Servs., Inc.*, 129 Cal. App. 4th 1050, 100 (2005).

14         Defendant moves to dismiss Plaintiff's § 17200 claim, arguing that because Plaintiff's Complaint

15  fails to state a claim for any underlying violation, he cannot maintain his unfair competition law

16  claim.  Defendant's Motion, ECF No. 5 at 17.  Defendant is correct.  As discussed in detail above,

17  Plaintiff has failed to sufficiently plead his TILA and fraud claims, subjecting those claims to

18  dismissal.  Because Plaintiff has failed to state claims for any underlying violation of state or federal

19  law, he cannot proceed on his unfair competition law claim under § 17200.  *See Santos*, 2009 WL

20  2100710, at *7.  Furthermore, to the extent that Plaintiff seeks to base his claim on allegedly

21  fraudulent or deceptive conduct by Defendant, Rule 9(b)'s heightened pleading requirements applies

22  to allegations of fraud in support of a§ 17200 claim.  *See Long v. Hewlett-Packard Co.*, No C 06-

23  2616 JW, 2007 WL4877691, at *3 (N.D. Cal. Dec. 21, 2006).  Plaintiff has done nothing more than

24  summarily allege that Defendant "engaged in practices which are like to deceive the average

25  customer," and utilized fraudulent sales practices.  These allegations are insufficient to satisfy Rule

26  9(b)'s particularity requirements and cannot sustain a claim under § 17200.  Complaint ¶¶ 33, 35,

27  ECF No. 1 at 9.  The Court will therefore dismiss this claim without prejudice.  If Plaintiff is able to

28  cure the deficiencies in his other claims outlined above, he may reassert his § 17200 claim.

**UNITED STATES DISTRICT COURT**
**For the Northern District of California**

1

## IV.  CONCLUSION

2    The Court **GRANTS** Defendant's Motion to Dismiss, ECF No. 5.  Plaintiff's TILA, fraud, §

3    17200, and quiet title claims are **DISMISSED WITHOUT PREJUDICE**.  The Court **DENIES**

4    Defendant's Motion for a Definite Statement as moot.  The Court **VACATES** the hearing set for

5    September 2, 2010.

6    **IT IS SO ORDERED.**

7    Dated: August 25, 2010

8    LAUREL BEELER
     United States Magistrate Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**UNITED STATES DISTRICT COURT**
For the Northern District of California

C 10-02834 (LB)                                    21