1
2
3
4
5
6
7
8

## UNITED STATES  DISTRICT COURT

9

### Northern District of California

10

Oakland Division

11

FERNANDO BRIOSOS,                              No. C 10-02834 LB

12
                Plaintiff,          **ORDER GRANTING DEFENDANT'S**
                                      **MOTION TO DISMISS PLAINTIFF'S**

13
    v.                                       **FIRST AMENDED COMPLAINT**
                                        **[ECF No. 20]**

WELLS FARGO BANK,

14

                Defendant.

15
_____/

16

### I.  INTRODUCTION

17

    On March 8, 2010, Plaintiff Fernando Briosos filed this lawsuit in California state court against

18

Defendant Wells Fargo Bank, alleging violations of the federal Truth in Lending Act ("TILA"), 15

19

U.S.C. § 1601, *et seq.*, and California law in connection with his refinance of two mortgage loans

20

through Defendant.  Complaint, Exh. A to Notice of Removal, ECF No. 1 at 5-11.  Plaintiff alleges

21

that Defendant made fraudulent statements and concealed information about his ability to afford the

22

loans in order to induce Plaintiff to go through with the refinance.  Additionally, Plaintiff alleges

23

that at the closing of one of the loans, Defendant failed to provide him with completed disclosures of

24

his notice and right to rescission, as required under TILA, and later refused his request to rescind

25

one of the loans.  Based on these allegations, Plaintiff asserts claims for: (1) fraud; (2) rescission

26

under TILA; (3) violation of California's Unfair Competition Law, California Business &

27

Professions Code § 17200; and (4) quiet title.

28

    After removing the lawsuit to this court pursuant to 28 U.S.C. §§ 1441, and 1446 based on

**UNITED STATES DISTRICT COURT**
**For the Northern District of California**

federal question jurisdiction, on July 6, 2010, Defendant moved to dismiss Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6).  *See* ECF No. 5.  On August 25, 2010, the court issued an order granting Defendant's motion in part and denying it in part.  ECF No. 14.  After identifying the pleading deficiencies in each of Plaintiff's four claims, the court dismissed each of the claims without prejudice, and granted Plaintiff leave to file an amended complaint correcting the deficiencies.  *Id*.

On September 22, 2010, Plaintiff filed his First Amended Complaint, reasserting his claims for fraud, unfair business practices, quiet title, and rescission under TILA.  ECF No. 17.  In response, on October 12, 2010, Defendant filed the instant Motion to Dismiss pursuant to Rule 12(b)(6), arguing that Plaintiff again failed to plead legally viable claims.  Motion, ECF No. 20. On November 18, 2010, Plaintiff filed his Opposition (ECF No. 23), and on December 6, Defendant filed an untimely Reply (ECF No. 25).  On December 16, 2010, the court held oral argument on the Motion.  After considering the parties' briefs and oral argument, the court **GRANTS** Defendant's Motion on the following grounds.

With respect to Plaintiff's TILA rescission claim, the court finds that Plaintiff failed to plead facts regarding the deficiencies in the loan disclosure documents that amount to a violation of TILA. The court dismisses this claim without prejudice.

As to Plaintiff's fraud claim, the court finds that, as pled, Plaintiff's fraud claim is untimely and subject to dismissal.  However, because Plaintiff may plead facts regarding the point in time he discovered the fraud that may bring the claim within the three-year limitations period, the dismissal is without prejudice.

With respect to Plaintiff's quiet title claim, because Plaintiff failed to sufficiently plead essential elements of the claim, the court dismisses it without prejudice.

As to Plaintiff's § 17200 claim, the court finds that Plaintiff's § 17200 claim based on unlawful practices is subject to dismissal without prejudice because Plaintiff lacks an underlying violation to support it.

Because each of the grounds for dismissal may be cured, the court grants Plaintiff leave to amend and file a second amend complaint.

**UNITED STATES DISTRICT COURT**
**For the Northern District of California**

## II.  FACTUAL BACKGROUND

The relevant facts, taken from Plaintiff's First Amended Complaint and from Defendant's Request for Judicial Notice[1] are as follows.

Plaintiff and his partner, Steven Christiansen owned two properties in San Francisco: a condominium on Lombard Street, which is Plaintiff's primary residence, and a condominium on Delancey Street.  First Am. Complaint ¶¶ 1, 9,  ECF No. 17 at 1-2, 3.  In October 2006, Mr. Christiansen died.  *Id.* at 3, ¶ 9.  Thereafter, in January 2007, Plaintiff phoned Defendant to request that it remove Mr. Christiansen's name from the mortgage loans on the properties.[2]  *Id.* ¶ 11.[3] Plaintiff's call was transferred to Dennis Mahoney in the "preferred accounts department."  *Id.* Plaintiff alleges that Mr. Mahoney told him that the "only way" to remove Mr. Christiansen's name from the loans was to refinance the loans in only Plaintiff's name.  *Id.*  According to Plaintiff, this statement was false because Defendant "simply could have amended the contract to exclude" Mr.

---

[1]  Defendant requests that the court take judicial notice of the following documents: (1) a Deed of Trust recorded in the San Francisco County Recorder's Office on March 6, 2007, as Document Number 2007-I348262-00; (2) a Notice of Default and Election to Sell Under Deed of Trust, recorded in the San Francisco County Recorder's Office on April 13, 2007, as Document No. 2010-I941702-00; (3) a Deed of Trust, recorded in the San Francisco County Recorder's Office on April 13, 2007, as Document Number 2007-I368488-00; and (4) a Grant Deed, recorded in the San Francisco County Recorder's Office on April 13, 2007, as Document Number 2007-I368489-00. Exhs. A-D to Defendant's Request for Judicial Notice, ECF No. 21-1.  The court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment.  *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001).  Because each of the exhibits are public records, the court may properly take judicial notice of the undisputable facts contained in the documents.  *See Hotel Employees & Rest. Employees Local 2 v. Vista Inn Mgmt. Co.*, 393 F. Supp. 2d 972, 978 (N.D. Cal. 2005); Fed. R. Evid. 201(b).

[2]  Following Mr. Christiansen's death, Plaintiff owned 50% of the Lombard and Delancey Street properties as Successor Trustee of the Steven Harold Christiansen Revocable Inter Vivos Trust Under Agreement Dated December 23, 1998, and owned 50% as Trustee of the Fernando Punla Briosos Revocable Inter Vivos Trust Under Agreement Dated December 23, 1998.  *See* Exh. A to Defendant's Request for Judicial Notice, ECF No. 21-1 at 2, 4; Exh. D to Request for Judicial Notice, ECF No. 21-1 at 63.

[3]  Plaintiff states that he requested to remove Mr. Christiansen's name because he wanted to sell the properties in 2007 because the five-year interest-only period on the loans was going to expire.  *Id.* ¶ 12, ECF No. 17 at 3.

Christiansen, or Plaintiff "could have simply done nothing, and provided the death certificate and trust agreement at closing of the home." *Id.* Instead, Plaintiff charges that Defendant "saw this as an opportunity, rather than to help the plaintiff, to take advantage of a grieving borrower on medication to squeeze out closing fees and some more interest only payments from him by misleading him to induce him to take the refinances." *Id.*

Although Plaintiff expressed his concern that he might not be able to afford payments on both properties without Mr. Christiansen's contribution, Mr. Mahoney advised him to take a five-year interest-only loan. *Id.* ¶¶ 13-15. Plaintiff provided Mr. Mahoney information regarding his current income, which was $1,500 per week, and advised Mr. Mahoney that his job was ending in February 2007. *Id.* at 3-4, ¶¶ 16-17. Mr. Mahoney told Plaintiff that $1,500 was sufficient income to afford the payments under the loans and asked Plaintiff to only provide his pay stubs from January 2006 to February 2007. *Id.* at 4, ¶ 18. According to Plaintiff, Mr. Mahoney's statement that "Plaintiff could afford the loans" was false because Mr. Mahoney knew that the loan payments Plaintiff would be expected to make exceeded his income, and that Mr. Mahoney made the statements to induce Plaintiff to refinance the loan so that Defendant could make a profit off the new loan origination and the representative (presumably, Mr. Mahoney) could get credit for selling two loans. *Id.* at 4-5, ¶¶ 27-31. Additionally, Plaintiff alleges that Mr. Mahoney knew that his statement was false because Plaintiff did not meet the industry standard home qualification ratios. *Id.* ¶¶ 29-30.

Relying on Mr. Mahoney's representations, Plaintiff proceeded with the refinancing.[4] *Id.* at 5, ¶ 32. On February 27, 2007, Plaintiff executed a $650,000 mortgage loan from Defendant. *Id.* at 2, ¶ 4. The loan was secured by a Deed of Trust on the Lombard property, and was recorded with the San Francisco County Record's Office on March 6, 2007. *Id.*, ¶ 5, *see* Deed of Trust, Exh. A to

---

[4] According to Plaintiff, before escrow was to close, he contacted Mr. Mahoney and told him that he "probably shouldn't go with the two loans." First Am. Complaint, ¶ 23, ECF No. 17 at 4. At the time, Plaintiff intended to rent the Lombard property where he lived, and had began preparing to move. *Id.* ¶ 24, ECF No. 17 at 4. In response, about a week before the close of escrow, Mr. Mahoney told Plaintiff over the phone that "they were very close to signing the documents and that Plaintiff should wait." *Id.* ¶ 24. Plaintiff further alleges that during the refinance, "Defendant Wells, through Dennis Mahoney, coached [Plaintiff] to perform what they asked to get the loan processed from beginning to end." *Id.* ¶ 25, ECF No. 17 at 4.

1   Defendant's Request for Judicial Notice, ECF No. 21-1 at 2.  Plaintiff subsequently defaulted on the

2   loan.  As a result, a Notice of Default and Election to Sell Under Deed of Trust was recorded on

3   March 23, 2010.  *See* Exh. B to Defendant's Request for Judicial Notice, ECF No.21-1 at 31.  The

4   Notice of Default indicates that Plaintiff was $18,855.25 in arrears on March 22, 2010.  *Id.*

5       Plaintiff also refinanced the loan on the Delancey Street property.  First Am. Complaint, ¶ 8,

6   ECF No. 17 at 2.  On April 5, 2007, Plaintiff, in his individual capacity, executed a loan for

7   $531,000 from Defendant.  *See* Deed of Trust, Exh. C to Defendant's Request for Judicial Notice,

8   ECF No. 21-1 at 35.  The loan was secured with a Deed of Trust on the Delancey Street property,

9   which was recorded with the San Francisco County Recorder's Office on April 13, 2007.  *Id.*

10      Based on these allegations, Plaintiff asserts claims for: (1) fraud, concealment, and

11  misrepresentation; (2) unfair business practices; (3) rescission under TILA; and (4) quiet title.

12  Defendant moves to dismiss each of the claims pursuant to Rule 12(b)(6).

## III.  LEGAL STANDARD

14      Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim

15  for "failure to state a claim upon which relief can be granted."  A motion to dismiss under Rule

16  12(b)(6) "tests the legal sufficiency of a claim."  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

17  In order to survive a motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief

18  that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has

19  facial plausibility when the plaintiff pleads factual content that allows the court to draw the

20  reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 129

21  S.Ct. 1937, 1949 (2009).  "The plausibility standard is not akin to a 'probability requirement,' but it

22  asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id.* (quoting *Twombly*,

23  550 U.S. at 557.)  In considering a motion to dismiss, a court must accept all of the plaintiff's

24  allegations as true.  *Id.* at 550; *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007).  The plaintiff's

25  complaint need not contain detailed factual allegations, but it must contain more than a "formulaic

26  recitation of the elements of a cause of action."  *Twombly*, 550 U.S. at 555.  "Threadbare recitals of

27  the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*,

28  129 S. Ct. at 1949.  In reviewing a motion to dismiss, courts may also consider documents attached

1   to the complaint.  *Parks School of Business, Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995)

2   (citation omitted).  Additionally, courts may consider a matter that is properly the subject of judicial

3   notice, such as matters of public record. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir.

4   2001).  If the court dismisses the complaint, it "should grant leave to amend even if no request to

5   amend the pleading was made, unless it determines that the pleading could not possibly be cured by

6   the allegation of other facts."  *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

7                                          **IV.  DISCUSSION**

8           In its Motion, Defendant argues that after attempting to amend his claims, Plaintiff still failed to

9   state claims upon which the court may grant relief.  Defendant first contends that Plaintiff's fraud

10  claim is time-barred under California's three-year statute of limitations for fraud-based claims, fails

11  to satisfy the heightened pleading requirement for fraud claims, and fails as a matter of law because

12  Plaintiff cannot show justifiable reliance.  As to Plaintiff's TILA claim, Defendant asserts that

13  Plaintiff failed to allege facts concerning the purported deficiencies in Defendant's disclosure

14  documents, and Plaintiff did not plead facts showing an ability to tender the money he borrowed.

15  Defendant argues that Plaintiff's quiet title claim fails because Plaintiff did not sufficiently plead

16  essential elements of that claim, including an ability to tender the loan proceeds and an adverse

17  claim by Defendant.  Finally, Defendant contends that Plaintiff's unfair business practices claim

18  fails because Plaintiff cannot show any underlying violation of state or federal law to support the

19  claim, because Plaintiff lacks standing, and because the claim is preempted by federal law.

20  Defendant therefore urges the court to grant its motion and dismiss Plaintiff's First Amended

21  Complaint in its entirety without any further leave to amend.

22          The court will analyze each of Defendant's challenges, in turn.  Because jurisdiction over this

23  case hinges on the existence of a viable federal claim, the court turns to Plaintiff's TILA claim first.

24  **A.  Truth in Lending Act Rescission Claim**

25          In his third cause of action, Plaintiff seeks to rescind the loan and Deed of Trust on the Lombard

26  property pursuant to 15 U.S.C. § 1635.  In support of his rescission claim, Plaintiff alleges as

27  follows:

28                  41.  At the closing of the refinance on 101 Lombard, which was Plaintiff's primary

residence, Defendant failed to provide Plaintiff with completed disclosures of his notice of right to cancel.

42.  The right to rescind is a material term under the [sic][.]

43.  On June 11, 2009, less than 3 years later, Plaintiff mailed, by certified mail with return receipt requested, a rescission letter pursuant to Plaintiff's right under 15 U.S.C. § 1635, commonly known as the Truth in Lending Act ("TILA").

44.  In response to the letter, Wells Fargo flippantly replied that they would not honor the rescission.

45.  Wells Fargo did not seek relief from a court of law, but rather simply summarily denied the request, despite Plaintiff's attachment of the unlawful disclosure alleged above.

46.  Defendant[] Wells Fargo [has] not yet released their title claim to the Subject Property, nor refunded Plaintiff's closing costs and other costs incurred as a result of the debt.

47.  Plaintiff has the ability to tender pursuant to TILA should the court find that his substantive right to rescind is valid.  If given reasonable time, Plaintiff can and will sell or refinance the subject property, which is currently valued at least at $650,000, in order to facilitate tender of the amounts due under his loan.  In addition, Plaintiff, in lieu of refinancing or selling has the ability to borrow privately from friends who are in possession of cash or equivalents exceeding $650,000.

48.  Plaintiff is entitled to the bank's performance as well, which includes, but is not limited to a refund of his closing costs and interest payments under the loan.

49.  Plaintiff prays to rescind the loan and [D]eed of Trust on 101 Lombard pursuant to his extended right of rescission.

First Am. Complaint, ¶¶ 41-49, ECF No. 17 at 6-7.

In its Motion, Defendant first urges the court to dismiss Plaintiff's TILA claim because Plaintiff did not sufficiently plead what disclosures it failed to provide Plaintiff in violation of TILA.  Motion ECF No. 20 at 17.  Specifically, Defendant argues that while Plaintiff alleged that Defendant did not provide him with "completed disclosures of his notice of right to cancel," Plaintiff did not allege what the "incompleteness" was or proffer any substantiating facts suggesting that the incompleteness was material under TILA.  *Id.*  Plaintiff, however, maintains that he sufficiently alleged the basis of his claim.  Opp., ECF No. 23 at 5.  Reviewing Plaintiff's Amended Complaint, the court agrees with Defendant.

"Under the Truth in Lending Act, [] 15 U.S.C. § 1601 *et seq*., when a loan made in a consumer credit transaction is secured by the borrower's principal dwelling, the borrower may rescind the loan

UNITED STATES DISTRICT COURT
For the Northern District of California

agreement if the lender fails to deliver certain forms or to disclose important terms accurately." *Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 411 (1998) (citing 15 U.S.C. § 1635). As currently pled, the core of Plaintiff's TILA claim is that Defendant "failed to provide Plaintiff with completed disclosures of his notice of right to cancel." First Am. Complaint, ¶ 41, ECF No. 17 at 6. Reading this allegation, it is unclear whether Plaintiff is alleging that Defendant did not provide complete disclosures or that the notice of right to cancel that Defendant provided was deficient. While Plaintiff asserts that the allegations are sufficient to put Defendant on notice of his claim and that Defendant can flesh out the substance of the claim through discovery, Plaintiff ignores the fact that not all omissions give rise to an actionable rescission claim under TILA. For this reason, alleging precisely what form or information Defendant omitted in its disclosures is essential to assessing Plaintiff's TILA claim. Absent such specific allegation, the court cannot conclude that Plaintiff has stated a plausible claim under TILA that survives Defendant's instant motion. *See, e.g., Olivera v. Am. Home Mortgage Serv., Inc.*, 689 F. Supp. 2d 1218, 1223 (N.D. Cal. 2010) (dismissing TILA claim with leave to amend when plaintiff failed to allege what particular loan documentation lacked the disclosures required by TILA). Significantly, as the party asserting a TILA violation, Plaintiff knows precisely what was deficient in the disclosures and can easily amend his claim to set forth these facts. Requiring Plaintiff to allege these facts does not subject his TILA claim to a heightened pleading standard; it merely requires Plaintiff to come forward with more than a recitation of the elements of a TILA claim. *See Twombly*, 550 U.S. at 555. The court will therefore grant Defendant's motion to dismiss Plaintiff's TILA claim on this basis and grant Plaintiff leave to amend to correct this deficiency.

Defendant further argues that Plaintiff's TILA claim fails as a matter of law because Plaintiff did not – and cannot – plausibly plead a present ability to tender the loan proceeds. Motion, ECF No. 20 at 19. The court previously addressed this argument at length in its August 25th Order. *See* ECF No. 14 at 11-15. In that Order, the court held that Plaintiff must do more than allege an ability to tender in a conclusory manner; he must set forth facts demonstrating that he has the resources (or may readily obtain them) to be in a position to tender the loan proceeds. *Id*. at 14. In response to this ruling, Plaintiff has now alleged that in order to tender the loan proceeds, he will sell or

1   refinance the property (which he submits is worth at least $650,000), and/or will borrow that amount

2   from friends.  First Am. Complaint, ¶ 47, ECF No. 17 at 7.

3        Defendant counters that these allegations lack substantiating facts, and, in any event, are simply

4   implausible.  Motion, ECF No. 20 at 20.  Particularly, Defendant asserts that Plaintiff has not

5   explained how he is able to sell the Lombard property for the same amount that he financed it for in

6   2007 when all other residential properties have decreased in value since that time.  *Id.*  Defendant

7   also contends that Plaintiff's allegation that he can refinance the property is equally implausible in

8   light of the fact that Plaintiff defaulted on the mortgage loan on that property.  *Id.* at 20-21.  Finally,

9   Defendant contends that Plaintiff has not set forth sufficient facts regarding his allegation that he is

10  able to borrow $650,000 in "cash or equivalents" from friends.  *Id.*

11       The court has carefully considered the parties' argument and finds that Plaintiff has sufficiently

12  pled an ability to tender.  While Defendant challenges the plausibility of Plaintiff's statements,

13  Plaintiff makes the allegations in a verified complaint, under penalty of perjury.  The court cannot

14  say at this juncture that Plaintiff's allegations that he may find a lender to refinance his loans or

15  borrow money from friends are implausible.  Whether Plaintiff, in fact, is able to tender the proceeds

16  is therefore a fact question that Defendant will have the opportunity to litigate at the summary

17  judgment stage.[5]  Plaintiff's allegations are sufficient to survive Defendant's 12(b)(6) challenge.

18       In sum, because Plaintiff has failed to adequately plead the specific conduct by Defendant that

19  amounts to a violation of TILA, the court **GRANTS** Defendant's Motion to Dismiss this claim and

20  **GRANTS** Plaintiff leave to amend to attempt to correct the pleading deficiency.

21  **B.  Fraud Claim**

22       In his first cause of action, Plaintiff asserts a claim for fraud, concealment, and misrepresentation

23  under California law against Defendant.  Defendant raises three challenges to this claim.  First,

24  Defendant argues that the claim is untimely under California's three-year statute of limitations

25  applicable to fraud claims.  Motion, ECF No. 20 at 12.  Second, Defendant argues that Plaintiff's

26

27

28       [5]  The court reiterates its prior ruling that Plaintiff's entitlement to rescission will be
    conditioned on his tender of the loan proceeds.  *See* ECF No. 14 at 14.

1  allegations regarding the Delancey property do not meet Rule 9(b)'s heightened pleading standard.

2  *Id.* at 12-13.  Third, Defendant contends that Plaintiff cannot allege facts showing justifiable

3  reliance.  *Id.* at 13.

4  **1.  Timeliness of Plaintiff's Fraud Claim**

5  Pursuant to California Code of Civil Procedure § 338(d), fraud claims are subject to a three-year

6  statute of limitations, which accrues upon "the discovery, by the aggrieved party, of the facts

7  constituting the fraud or mistake."  Cal. Code Civ. P. § 338(d).

8  In its Motion, Defendant contends that the two statements that form the basis of Plaintiff's fraud

9  claim were made more than three years before he filed this lawsuit on March 8, 2010.  Motion, ECF

10  No. 20 at 12.  Specifically, Defendant points out that in ¶ 11 of the First Amended Complaint,

11  Plaintiff alleges that Mr. Mahoney's statement that Plaintiff had to refinance the loans to remove Mr.

12  Christiansen's name occurred sometime in January 2007.  *Id.*  Because this allegedly false

13  representation occurred more than three years prior to the filing of this lawsuit, Defendant asserts

14  that it is time-barred.  *Id.*

15  The second representation upon which Plaintiff bases his fraud claim is Mr. Mahoney's

16  statement that "Plaintiff could afford the loans."  *See* First Am. Complaint, ¶ 29, ECF No. 17 at 5.

17  As to this statement, Defendant argues that "[t]he only specific date about the conversation or

18  conversations with [Mr.] Mahoney is January 2007."  Motion, ECF No. 20 at 12.  Further Defendant

19  points out that Plaintiff executed the mortgage on the Lombard Street property on February 27,

20  2007, so any statements about loan affordability that induced Plaintiff to enter into the loans had to

21  occur before that date.  *Id.*  Defendant thus argues that any claims based on Mr. Mahoney's

22  statement that Plaintiff could afford the loans are also untimely.  *Id.*

23  In his Opposition, Plaintiff does not dispute that Mr. Mahoney's allegedly false statements

24  occurred in January 2007.  Opp., ECF No. 23 at 4.  Plaintiff does, however, proffer several theories

25  as to why his fraud claim is nonetheless timely.  *Id.* at 4-5.

26  First, Plaintiff argues that he did not *rely* on the misrepresentations until the loans were closed on

27  February 27, 2007 for the Lombard property refinance, and April 13, 2007 for the Delancey property

28  refinance.  Opp., ECF No. 23 at 4.  Plaintiff's argument is unavailing.  Notably, Plaintiff does not

**United States District Court**
**For the Northern District of California**

C 10-02834 LB
(Order re Defendant's Motion to Dismiss First Amended Complaint)

10

UNITED STATES DISTRICT COURT
For the Northern District of California

1  cite any authority indicating that the statute of limitations for fraud claims begins to run at the point

2  when the individual relies on the allegedly false statement (as opposed to when the statement was

3  made or reasonably discovered).  Moreover, starting the limitations period only on the loan date (the

4  date of supposed reliance on the false statement) would allow a plaintiff to bring a claim within three

5  years of the loan date, even if the allegedly false statement were made months or years before the

6  loan date.  That result would defeat the purpose of the statute of limitations: limiting actions to a

7  time certain after the date of the injury (or the date the plaintiff reasonably learns of the injury).  (In

8  any event, Plaintiff concedes that he relied on the statements at the time he entered into the February

9  27, 2007 loan.  Thus, even under Plaintiff's reliance theory, any fraud claim in connection with the

10  February 27, 2007 loan is barred under the three-year limitations period.)[6]

11      Alternatively, and again without citation to any authority, Plaintiff argues that his fraud claim is

12  timely because he did not discover that the statements were fraudulent until mid-2008, when he

13  contacted Defendant for a loan modification.  *Id.*  As indicated above, the three-year limitations

14  period for fraud claims begins to run at the time the aggrieved party discovers the facts constituting

15  the fraud or mistake.  Cal. Code Civ. P. § 338(d).  California courts have interpreted § 338(d) as

16  imposing a duty to exercise diligence to discover the facts constituting the fraud.  *See Parsons v.*

17  *Tickner*, 31 Cal. App. 4th 1513, 1525 (1995).  Thus, a plaintiff is required to plead and prove facts

18  showing: (1) lack of knowledge; (2) lack of means of obtaining knowledge (in the exercise of

19  reasonable diligence the facts could not have been discovered at an earlier date); (3) how and when

20  he did actually discover the fraud or mistake.  *Id.* (citing 3 Witkin, Cal. Procedure, Actions § 454).

21  "Under this rule constructive and presumed notice or knowledge are equivalent to knowledge.  So,

22  when the plaintiff has notice or information of circumstances to put a reasonable person on inquiry,

23  or has the opportunity to obtain knowledge from sources open to . . . investigation . . . the statute

24  commences to run."  *Id.*; *see also Platt Elec. Supply, Inc. v. Eoff Elec., Inc.*, 522 F.3d 1049, 1054 (9th

25

26      [6] At the December 16 hearing, Plaintiff suggested that the limitations period did not begin to
run on any fraud claim related to the April 13, 2007 refinance of the Delancey property, presumably

27  based on his reliance theory.  Again, Plaintiff has pointed to no facts in his amended pleading or
cited any case law establishing that the limitations period should start on a date other than the date of

28  the false statements or the date Plaintiff reasonably discovered them.

**UNITED STATES DISTRICT COURT**
**For the Northern District of California**

1  Cir. 2008) (quoting *Slovensky v. Friedman*, 142 Cal. App. 4th 1518, 1528 (2006) ("Plaintiffs are

2  required to conduct a reasonable investigation after becoming aware of an injury, and are charged

3  with knowledge of the information that would have been revealed by such an investigation.").

4      Here, although Plaintiff argues in his Opposition that he first discovered Ms. Mahoney's

5  statements were false in 2008, Plaintiff's First Amended Complaint is devoid of any allegations

6  regarding when and how the discovery occurred.  The only allegation Plaintiff proffers on this issue

7  is ¶ 26, which states, "Plaintiff contacted Wells Fargo [sic] mid 2008, a year later, for a loan

8  modification several times but they have continued to ignore his request."  First Am. Complaint, ¶

9  26, ECF No. 17 at 4.  Nothing in this statement indicates how and why at that point in time Plaintiff

10 first came to learn of the falsity of Mr. Mahoney's statements.  Thus, if Plaintiff intends to defend

11 against challenges to the timeliness of his fraud claim on this theory, he must allege facts showing

12 that he lacked knowledge of the falsity of Mr. Mahoney's statements, that he lacked the means of

13 obtaining such knowledge, and the factual circumstances concerning how and when he discovered

14 the falsity of the statements.  *See Rivera v. BAC Home Loans Servicing, L.P.*, No. 10-2439, 2010

15 WL 4916405, at *5 (N.D. Cal. Nov. 22, 2010) (dismissing fraud claim against lender as untimely

16 when plaintiff failed to allege when the discovery of fraud took place and that plaintiff was

17 precluded from discovering the fraud before the statute of limitations expired); *Green v. Alliance

18 Title*, No. CIV S-10-0242, 2010 WL 3505072, at *9 (E.D. Cal. Sept. 2, 2010) (dismissing fraudulent

19 misrepresentation claim when plaintiff failed to allege when she discovered the misrepresentations

20 intended to induce her to accept a loan and loan was accepted more than three years prior to the

21 filing of the lawsuit).[7]

22

23     [7] As Defendant points out, Plaintiff will have a hard time showing that he did not have the
   opportunity to discover the alleged falsity of Mr. Mahoney's statements before March 8, 2007.  With

24 respect to Mr. Mahoney's statement that Plaintiff had to refinance the loans to remove Mr.
   Christiansen's name, Plaintiff must allege facts showing that he was unable to uncover the falsity of

25 that statement until sometime after March 8, 2007.  Likewise, as to Mr. Mahoney's statement that
   Plaintiff could afford the loans, Plaintiff must allege facts showing that the information he had

26 available to him prior to March 8, 2007, was insufficient for him to discover that he in fact could not
   afford the loans.  The complaint alleges that he was aware of the amounts of both the loan payments

27 after the refinance and his monthly income.  *See* Reply at 2 (citing ¶¶ 17 & 29, First Am.

28

UNITED STATES DISTRICT COURT
For the Northern District of California

1    Finally, Plaintiff contends that even if the statute of limitations began to run on February 27,

2    2007, when he executed the mortgage on the Lombard Property, the limitations period should be

3    equitably tolled.  Opp., ECF No. 23 at 4.  Plaintiff fails to cite any legal authority or refer to any

4    allegations in his amended complaint in support of this argument.  It is Plaintiff's – not the court's –

5    responsibility to fully develop his arguments.  Because Plaintiff has failed to so, the court rejects

6    Plaintiff's equitable tolling argument.

7    In sum, based on the allegations in Plaintiff's First Amended Complaint, the statements giving

8    rise to Plaintiff's fraud claim occurred more than three years before Plaintiff filed this lawsuit.

9    Further, based on the allegations in the First Amended Complaint, Plaintiff had the means to

10    discover the falsity of the statements at least prior to February 27, 2007, thereby triggering the

11    statute of limitations for any fraud claims at that time.  As a result, Plaintiff's fraud claim, as

12    currently pled, is untimely.  Although Plaintiff contends that he did not discover the falsity of these

13    statements until a year later, thereby pushing back the start of the statute of limitations period,

14    Plaintiff's First Amended Complaint lacks any allegations to that effect.  The court therefore

15    **GRANTS** Defendant's motion as to Plaintiff's fraud claim.  The court **DISMISSES** the claim

16    **WITHOUT PREJUDICE** and **GRANTS** Plaintiff leave to amend to allege facts regarding the

17    circumstances surrounding his discovery of the falsity of the statements.

18    **2.   Plaintiff's Fraud Claim Regarding the Refinance of the Delancey Property**

19    Next, Defendant argues that Plaintiff has not pled any fraud claim relating to the April 5, 2007

20    loan secured by the Delancey property with the particularity required by Rule 9(b).  Motion, ECF

21    No. 20 at 12.  Specifically, Defendant asserts that Plaintiff "never identifies when any supposed

22    statements about this loan were made."  *Id*.  Plaintiff does not address this argument in his

23    Opposition.  However, reviewing Plaintiff's First Amended Complaint, it appears that Plaintiff is

24    alleging that Mr. Mahoney's statements induced him to proceed with both the February 27, 2007

25    refinance of the Lombard property *and* the April 5, 2007 refinance of the Delancey property.  *See* ¶

26    18 ("Defendant's agent Dennis Mahoney told Plaintiff that $1500.00 per week was sufficient income

27    _____

28    Complaint).

C 10-02834 LB
(Order re Defendant's Motion to Dismiss First Amended Complaint)                    13

1   to afford the payments *under the subject loans . . . .*"), ¶ 29 ("Defendant's statement that 'Plaintiff

2   could afford the *loans*' was false because despite Plaintiff's income of $1500 per week, Mr.

3   Mahoney induced him to sign *loans* with the following repayment terms[.]") (emphasis added).

4   Thus, Mr. Mahoney's statements that refinancing was the only way to remove Mr. Christiansen's

5   name from the mortgage loans and that Plaintiff could afford the refinance loans form the basis of

6   his fraud claim as it relates to both properties.  Notwithstanding the deficiencies concerning the date

7   Plaintiff discovered the falsity of Mr. Mahoney's statements, Plaintiff has otherwise pled his fraud

8   claim with particularity in conformance with Rule 9(b).  The court therefore rejects Defendant's

9   request to dismiss the claim on this ground.

10   ### 3.  Reliance

11   Finally, Defendant attacks Plaintiff's fraud claim based on Mr. Mahoney's statement that

12   Plaintiff could afford the loans on the ground that Plaintiff did not – and cannot – plead facts

13   showing he justifiably relied on Mr. Mahoney's statement.  Motion, ECF No. 20 at 13.  Citing

14   *Perlas v. GMAC Mortgage, LLC*, 187 Cal. App. 4th 429, 434-36 (2010), Defendant argues that the

15   California Court of Appeal rejected the argument that a borrower may justifiably rely on a lender's

16   determination that the borrower is qualified for a loan.  *Id.*  Here, Defendant argues that Mr.

17   Mahoney's statement was simply an opinion, which Plaintiff was not entitled to rely upon when

18   deciding to proceed with the refinancing.  *Id.*  In California, whether a statement is a non-actionable

19   opinion or an actionable misrepresentation of fact is a question of fact.  *See Furla v. Jon Douglas*

20   *Co.*, 65 Cal. App. 4th 1069, 1078 (1998).  Whether Mr. Mahoney's statement constituted an opinion

21   or an actionable fraudulent statement thus is not amenable to resolution by a motion to dismiss.

22   Alternatively, Defendant argues that Plaintiff cannot show reliance because he could have

23   ascertained for himself whether or not he could afford the loans.  Motion at 14.  Again, this

24   argument relies on facts outside the corners of Plaintiff's First Amended Complaint.  It is therefore

25   beyond the scope of a 12(b)(6) motion.

26   ### C.  Claim to Quiet Title

27   In his fourth cause of action, Plaintiff re-asserts his claim to quiet title to the Lombard and

28

UNITED STATES DISTRICT COURT
For the Northern District of California

UNITED STATES DISTRICT COURT
For the Northern District of California

1  Delancey properties.  First Am. Complaint at 7-8.[8]  "The purpose of a quiet title action 'is to finally

2  settle and determine, as between the parties, all conflicting claims to the property in controversy, and

3  to decree to each such interest or estate therein as he may be entitled to.'"  *Martinez v. America's*

4  *Wholesale Lender*, No. C 09-05630 WHA, 2010 WL 934617, at *5 (N.D. Cal. Mar. 15, 2010)

5  (quoting *Peterson v. Gibbs*, 147 Cal. 1, 5 (1905)).  California Code of Civil Procedure § 761.020

6  sets forth the requirements for a quiet title claim.  Specifically, this statute requires that the plaintiff

7  set forth five elements in a "verified complaint": (1) a legal description and common designation of

8  the property, (2) the title of the plaintiff and its basis, (3) the adverse claims to the plaintiff's title, (4)

9  the date as of which the determination is sought, and (5) a prayer that title is quieted in the plaintiff.

10  Cal. Civ. Proc. Code § 760.020(a)-(e).

11      Defendant argues that Plaintiff's quiet title claim fails for several reasons.  First, Defendant

12  argues that because Plaintiff has not tendered the loan proceeds he borrowed, he has no right to quiet

13  title.  Motion, ECF No. 20 at 15.  Here, as indicated above, Plaintiff has pled, under oath, the ability

14  to tender the loan proceeds.  The court finds that this is sufficient at pleading stage of the case.

15      Second, Defendant argues that Plaintiff's claim fails as a matter of law because Defendant has

16  not asserted any adverse claim to the properties.  Motion, ECF No. 20 at 16.  Plaintiff does not

17  proffer any argument in response.

18      Third, and somewhat related to Defendant's second challenge, Defendant argues that Plaintiff's

19  quiet title claim is misdirected at it because Defendant is not the Trustee under the Deeds of Trust,

20  but rather, is the lender.  Motion, ECF No. 20 at 15-16.  Defendant thus argues that it does not hold

21  title to the properties that may be quieted.  Plaintiff counters that Defendant "is the party who claims

22  beneficial interest in that deed of trust and is therefore a necessary and indispensable party."  Opp.,

23  ECF No. 23 at 8.

24      Reviewing Plaintiff's First Amended Complaint, Plaintiff alleges generally at ¶ 51 that he "seeks

25  to quiet title against the claims of Wells Fargo to the Subject Properties."  ECF No. 17 at 7.  Thus,

26  _____

27      [8]  The court previously dismissed this claim without prejudice because Plaintiff failed to

28  assert it in a verified complaint, which is a threshold requirement to filing a quiet title claim.  *See* Order, ECF No. 14 at 18.  Plaintiff corrected this deficiency by verifying his amended complaint.

UNITED STATES DISTRICT COURT
For the Northern District of California

1    Plaintiff's allegations do not identify what "claims" Defendant has asserted against either property.

2    Under § 761.020, Plaintiff must plead this information to sustain any quiet title claim against

3    Defendant. *See Fortaleza v. PNC Fin. Serv. Group, Inc.*, 642 F. Supp. 2d 1012, 1023 (N.D. Cal.

4    2009) (dismissing quiet title claim because the plaintiff could not allege that either defendant

5    currently claimed in an interest to the property, or that such claim of interest is without right).

6    Because he has not, dismissal of this claim is appropriate.  However, because Plaintiff may be able

7    to plead this information, leave to amend is granted.

8        Further, to the extent that Plaintiff premises his quiet title claim on Defendant's alleged

9    fraudulent conduct, it cannot serve as the basis for his quiet title claim because the court has

10    dismissed Plaintiff's fraud claim.  *See id.*

11        In sum, because Plaintiff failed to sufficient plead an essential element of his quiet title claim,

12    the court **GRANTS** Defendant's motion as to Plaintiff's quiet title claim and **DISMISSES** the claim

13    without prejudice.  Because it is possible for Plaintiff's to plead facts to correct this deficiency, the

14    court **GRANTS** Plaintiff leave to amend to plead facts in support of this claim.

15    **D.  Unfair Business Practices Claim**

16        In his second cause of action, Plaintiff asserts a claim for unlawful business practices,

17    presumably pursuant to California Business & Professions Code § 17200.[9]  First Am. Complaint,

18    ECF No. 17 at 5-6.  Specifically, Plaintiff alleges:

19            35.  In the course of doing business, Defendant Wells Fargo Bank engaged in
20            practices which are likely to deceive the average consumer, including but not limited
                to: counseling Mr. Briosos that his only option for removing Mr. Christiansen's name
21            from the loans was to refinance them.

22            36.  In the course of doing business, Defendant Wells Fargo Bank engaged in
                unlawful conduct in its failure to comply with the Truth in Lending Act at paragraph
23            15 U.S.C. § 1635(a), as set forth in paragraphs 40-49 below, which are reincorporated
                herein for the purposes of supporting this cause of action.

24            37.  In the course of doing business, Defendant Wells Fargo Bank committed unfair
                practices as its sales methods are both fraudulent and designed to take advantage of
25            the grieving at a time of loss.

26            38.  To prevent [D]efendant from committing such practices in the future, which is
27            likely, Plaintiff acts as a private attorney general in bringing this action against the

28

_____

    [9]  Plaintiff does not identify the statutory basis for this claim.

1   Defendant and is therefore entitled to attorneys fees.

2   ECF No. 17 at 6.

3   In its Motion, Defendant urges the court to dismiss Plaintiff's § 17200 claim because: (1)

4   Plaintiff lacks any underlying violation to support a claim for unlawful business practices under §

5   17200; (2) to the extent that the claim is premised on a TILA violation, federal law preempts it; and

6   (3) Plaintiff lacks standing to bring a § 17200 claim because he has not shown that he has suffered

7   losses of money or property eligible for restitution.  Motion, ECF No. 20 at 21-23.  In his

8   Opposition, Plaintiff proffers several arguments in support of his § 17200 claim but fails to address

9   the three grounds for dismissal that Defendant advances in its Motion.  *See* Opp., ECF No. 23 at 5-6.

10  Nevertheless, the court will address the merits of Defendant's arguments.

11  **1.   Whether Plaintiff Has Plead an Actionable Claim Under § 17200**

12  California Business & Professions Code § 17200, also known as California's "Unfair

13  Competition Law," prohibits "any unlawful, unfair or fraudulent" business practices.  Cal. Bus. &

14  Prof. Code § 17200.  "Since section 17200 is [written] in the disjunctive, it establishes three separate

15  types of unfair competition.  The statute prohibits practices that are either 'unfair'" or 'unlawful,' or

16  'fraudulent.'"  *Pastoria v. Nationwide Ins.*, 112 Cal. App. 4th 1490, 1496 (2003); *see also Cel-Tech*

17  *Communications, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 180 (1999).  Plaintiff asserts

18  his claim under each of the three theories.

19  Defendant's first challenge goes to the viability of Plaintiff's § 17200 claim under the

20  "unlawful" practices theory.  "The 'unlawful' practices prohibited by section 17200 are any

21  practices forbidden by law, be it civil or criminal, federal, state, or municipal, statutory, regulatory,

22  or court-made."  *Saunders v. Superior Court*, 27 Cal. App. 4th 832- 838-39 (1994).  Thus, an

23  unlawful business practices claim under § 17200 "'borrows' violations of other laws and treats them

24  as unlawful practices independently actionable under section 17200."  *Id*.  Accordingly, a defendant

25  "cannot be liable under § 17200 for committing unlawful business practices without having violated

26  another law."  *Ingles v. Westwood One Broadcasting, Servs., Inc.*, 129 Cal. App. 4th 1050, 100

27  (2005).  Here, as Defendant correctly points out, because Plaintiff's other claims are subject to

28  dismissal, there is no underlying violation to support his § 17200 claim under the unlawful practices

UNITED STATES DISTRICT COURT
For the Northern District of California

C 10-02834 LB
(Order re Defendant's Motion to Dismiss First Amended Complaint)

prong of the statute.   The court will therefore **GRANTS** Defendant's request to dismiss Plaintiff's § 17200 claim based on unlawful practices.  The court **DISMISSES** the claim **WITHOUT PREJUDICE**.  If Plaintiff is able to cure the deficiencies in his other claims outlined above, he may reassert his § 17200 claim for unlawful practices.

Further, as indicated above, Plaintiff also asserts his § 17200 claim based on the fraudulent and unfair business practices theories of liability authorized under the statute.  Defendant has not specifically addressed or moved to dismiss Plaintiff's claim based on these theories.  Thus, they are live claims which may be reasserted in Plaintiff's second amended complaint.

**2.  Federal Preemption of Plaintiff's § 17200 Claim**

Next, Defendant argues that Plaintiff may not assert a claim for unlawful business practices under § 17200 based on an underlying violation of TILA because federal law preempts such a claim. Motion, ECF No. 20 at 22.  Several recent district court decisions have addressed this issue, and – contrary to Defendant's argument that federal law always preempts § 17200 claims based on TILA violations – have concluded that preemption turns on the nature of the underlying TILA claim.  *See e.g., Brooks v. Cmty. Lending, Inc.*, No. C 07-4501, 2010 WL 2680265, at *3-5 (N.D. Cal. July 6, 2010) (rejecting argument that TILA preempts § 17200 claims); *Ralston v. Mortgage Investors Group, Inc.*, No. 08-536, 2010 WL 3211931, at *3 (N.D. Cal. Aug. 12, 2010) ("This court has held repeatedly that TILA does not preempt state law claims that do not conflict with TILA's substantive requirements."); *Amparan v. Plaza Home Mortgage, Inc.*, No. 5:07-cv-04498, 2010 WL 3743953, at *7 (N.D. Cal. Sept. 23, 2010) (same); *Romero*, 2010 WL 2985539, at *16-17 (§ 17200 claims that are consistent with TILA's substantive provisions not preempted by TILA); *Tsien v. Wells Fargo Home Mortgage*, No. C 09-4790, 2010 WL 2198290, at *4 (N.D. Cal. May 28, 2010) (rejecting argument that § 17200 claims based on TILA violations are always preempted).[10]

Here, Defendant proffers three decisions in support of its argument that Plaintiff's § 17200 claim

---

[10]  B*ut see Kanady v. GMAC Mortgage, LLC*, No. CV F 10-1742, 2010 WL 4010289, at *13 (N.D. Cal. Oct. 13, 2010) (finding § 17200 claim based on TILA violations is preempted by the federal Home Owners' Loan Act ("HOLA"), 12 U.S.C. § 1461); *Appling v. Wachovia Mortgage, FSB*, No. 10-CV-1900, 2010 WL 3743770, at *8 (N.D. Cal. Sept. 17, 2010) (finding § 17200 claim predicated on TILA violations preempted by HOLA).

1    is preempted by federal law.  The court has reviewed the decisions and finds that they do not support

2    Defendant's preemption argument in this case.

3         First, Defendant cites *Reyes v. Downey Savings & Loan Association*, 541 F. Supp. 2d 1108, 1115

4    (C.D. Cal. 2008).  In *Reyes*, the district court held that the federal Home Owners' Loan Act

5    ("HOLA"), 12 U.S.C. § 1461, preempted the plaintiff's § 17200 claim based on TILA violations

6    because California's four-year statute of limitations for such claim created a procedural difference

7    between state and federal law that amounted to state regulation of savings associations, which is an

8    area controlled by HOLA.  *Id.*  Here, Defendant has not argued that it is subject to HOLA or that

9    HOLA otherwise applies such that it preempts Plaintiff's § 17200 claim.[11]  *Reyes* is therefore

10   inapposite.  *See Rabb v. BNC Mortgage, Inc.*, No. CV 09-4740, 2009 WL 3045812, at *3 (C.D. Cal.

11   Sept. 21, 2009) (recognizing that *Reyes* is limited to cases involving HOLA).

12        Defendant next cites *Nava v. Virtual Bank*, No. 2:08-cv-00069, 2008 WL 2873406, at *7 (E.D.

13   Cal. 2008).  As in *Reyes*, the trial court in *Nava* found that the plaintiff's § 17200 claims premised

14   on TILA violations alleged against a thrift and savings association were preempted by HOLA.  *Id.*

15   Again, absent some showing that Defendant is subject to HOLA or that the statutory scheme applies

16   in this case, the court's reasoning in *Nava* regarding preemption is distinguishable and does not

17   advance Defendant's preemption argument in this case.  *See Tsien*, 2010 WL 2198290, at *4

18   (rejecting Wells Fargo's preemption argument based on *Reyes* and *Nava*); *Brooks*, 2010 WL

19   2680265, at *5 (criticizing *Nava*'s preemption analysis); *Romero*, 2010 WL 2895539, at *17 (same).

20        Finally, Defendant cites *Rubio v. Capital One Bank*, 572 F. Supp. 2d 1157, 1168 (C.D. Cal.

---

[11]  To the extent that Defendant relies upon decisions finding that section 17200 claims based on TILA violations are preempted by HOLA, Defendant first must establish that HOLA applies in this case.  Based on two recent decisions, it is not clear that Defendant can establish this.  *See Appling*, 2010 WL 3743770, at *6 ("Thus, although Wells Fargo itself is not subject to HOLA and OTS regulations, this action is nonetheless governed by HOLA because Plaintiff's loan originated with a federal savings bank and was therefore subject to the requirements set forth in HOLA and OTS regulations."); *Tsien*, 2010 WL 2198290, at *4 ("As an initial matter, [Wells Fargo] provides no evidence (*i.e.*, through a request for judicial notice) or argument that it is a thrift savings association that would be governed by HOLA and protected by the OTS regulations on preemption.").

1  2008).  Notably, while the district court assessed whether the plaintiff had asserted a viable § 17200

2  claim based on TILA violations, the district court did not address any preemption argument with

3  respect to the plaintiff's § 17200 claim.  *Id*. at 1168-69.  Because Defendant cites this case without

4  explaining how it applies to the instant case, it is unclear what reasoning in the decision supports its

5  preemption argument here.  Further, to the extent that the district court dismissed the plaintiff's §

6  17200 claim, the Ninth Circuit *reversed* the decision on appeal, expressly finding that the plaintiff

7  *had stated a § 17200 claim based on a TILA violation.  See Rubio v. Capital One Bank*, 613 F.3d

8  1195, 1204-05 (9th Cir. 2010).  Thus, *Rubio* undermines, rather than supports, Defendant's

9  preemption argument.

10      In sum, having failed to cite any authority conclusively holding that § 17200 claims based on

11  TILA violations are preempted by federal law, the court denies Defendant's request to dismiss

12  Plaintiff's § 17200 claim on this basis without prejudice.  Furthermore, as discussed above, Plaintiff

13  has not adequately pled the violation underlying his TILA claim.  As a result, the court is unable to

14  determine whether Plaintiff's § 17200 claim falls within the ambit of claims that other courts have

15  found to be preempted by other federal statutes at this time.  If Defendant believes that Plaintiff's §

16  17200 claim as re-pled in any second amended complaint is preempted by federal law, Defendant

17  may reassert its preemption argument, complete with citations to relevant authority and a thorough

18  discussion analyzing Plaintiff's claim in light of such decisions.

19      **3.   Plaintiff's Standing to Assert a § 17200 Claim**

20      Finally, Defendant argues that Plaintiff lacks standing to assert a § 17200 claim because he

21  alleged only general damages.  Motion, ECF No. 20 at 22-23.  California Business & Professions

22  Code § 17204 sets out the statutory standing requirements for a § 17200 claim.  Specifically, this

23  section authorizes a private right of action "by a person who has suffered injury in fact and has lost

24  money or property as a result of the unfair competition."  Cal. Bus. & Prof. Code § 17204.

25  California courts have interpreted this provision as requiring that the plaintiff show that he has: (1)

26  expended money due to the defendant's acts of unfair competition; (2) lost money or property; or (3)

27  been denied money to which he or she has a cognizable claim.  *See Hall v. Time Inc.*, 158 Cal. App.

28  4th 847, 854-55 (2008).  Here, Plaintiff has alleged – albeit not in the section of his amended

**UNITED STATES DISTRICT COURT**
**For the Northern District of California**

UNITED STATES DISTRICT COURT
For the Northern District of California

1    complaint asserting the § 17200 claim – that as a result of Defendant's representation that he must

2    refinance the loans to remove Mr. Christiansen's name, he paid new closing fees and additional

3    interest-only payments.  First. Am. Compl. ¶ 11, ECF No. 17 at 3.  Thus, Plaintiff has sufficiently

4    pled injury-in-fact to give him standing to bring his § 17200 claim based on upon Defendant's

5    allegedly fraudulent statements.  *See Anderson v. Bank of Am.*, No. 10cv0818, 2010 WL3185777, at

6    *2 (S.D. Cal. Aug. 10, 2010) (finding plaintiff's allegation that she "suffered actual harm and

7    damage including paying more than she should have paid for the subject loan" adequate to allege

8    standing).

9          At the same time, however, Plaintiff has not identified – and the court is unable to discern – any

10   allegations showing that Plaintiff suffered actual injury as a result of Defendant's alleged TILA

11   disclosure violation.  In other words, if Plaintiff seeks to base a § 17200 claim on a violation of the

12   TILA disclosure requirements, Plaintiff must allege that he suffered injury-in-fact and lost money or

13   property as a result of Defendant's incomplete disclosure.  *See Newson v. Countrywide Home Loans*,

14   No. C 09-5288, 2010 WL 4939795, at *6 (N.D. Cal. Nov. 30, 2010) (dismissing § 17200 claim for

15   lack of standing when plaintiffs failed to allege facts demonstrating that they lost money as a result

16   of defective TILA notices and a nexus between the allegedly defective TILA notices and the

17   monetary loss.)  If Plaintiff intends to reassert a § 17200 claim premised on TILA disclosure

18   violations, he must plead these facts to establish standing to assert such a claim.

19         Defendant further argues that, to meet the standing requirements for a § 17200 claim, Plaintiff

20   must show that he suffered losses of money or property eligible for restitution.  Motion, ECF No. 20

21   at 22 (citing *Buckland v. Threshold Enter., Ltd.*, 155 Cal. App. 4th 798, 817 (2007).  In at least two

22   decisions, judges of this court have considered and rejected this argument.  *See Fulford v. Logitech,

23   Inc., No. C 08-2041*, 2009 WL 1299088, at *1-2 (N.D. Cal. May 8, 2009) (distinguishing *Buckland*

24   and noting that "where a plaintiff has adequately alleged 'loss of income,' 'loss of financial

25   resources,' or 'economic loss,' a number of courts . . . have found such plaintiff has standing under

26   the UCL, irrespective of any such plaintiff's inability to seek restitution from the defendant named

27   therein.")*; Swain v. Cach, LLC*, No. C 08-5562, 2009 WL 6325531, at *3-4 (N.D. Cal. July 16,

28   2009) (citing *Fulford* and similarly rejecting argument that UCL standing requires loss of money or

property eligible for restitution).  The court finds the reasoning set forth in *Fulfod* and *Swain* to be sound and rejects Defendant's argument that Plaintiff must demonstrate losses of money or property eligible for restitution.

## V.  CONCLUSION

For the reasons set forth above, the court **GRANTS** Defendant's Motion to Dismiss Plaintiff's First Amended Complaint (ECF No. 20).  Plaintiff's TILA, fraud, quiet title, and § 17200 claim are **DISMISSED WITHOUT PREJUDICE**.  Further, the court **GRANTS** Plaintiff's leave to amend to file a second amended complaint.

**IT IS SO ORDERED.**

Dated: December 18, 2010

_____
LAUREL BEELER
United States Magistrate Judge

UNITED STATES DISTRICT COURT
For the Northern District of California

C 10-02834 LB
(Order re Defendant's Motion to Dismiss First Amended Complaint)