UNITED STATES DISTRICT COURT

Northern District of California

Oakland Division

| | |
|---|---|
| FERNANDO BRIOSOS,<br>              Briosos,<br>    v.<br>WELLS FARGO BANK, *et al.*,<br>              Defendants.<br>_____/ | No. C 10-02834 LB<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**<br><br>[ECF No. 29] |

## I. INTRODUCTION

On March 8, 2010, Plaintiff Fernando Briosos filed this lawsuit in California state court against Defendant Wells Fargo Bank, alleging violations of the federal Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq.*, and California law in connection with his refinancing of two mortgage loans through Wells Fargo. Complaint, Exh. A to Notice of Removal, ECF No. 1 at 5-11.[1] Specifically, Briosos asserted claims for: (1) fraud; (2) rescission under TILA; (3) violation of California's Unfair Competition Law, California Business & Professions Code § 17200; and (4) quiet title. *Id.*

After two rounds of Rule 12(b)(6) motions, Briosos filed a second amended complaint, reasserting the four claims described above and adding Fidelity National Title Insurance Company, the Trustee holding title to the two properties for which Briosos received loans. *See* Second

---

[1] Citations are to the docket numbers in the Electronic Case File (ECF) with pin cites to the electronically-stamped pages at the top of the document (as opposed to numbers at the bottom).

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS SECOND AMENDED COMPLAINT
C 10-02834 LB

1   Amended Complaint, ECF No. 28 at 3-10.[2]  Wells Fargo now moves to dismiss the first and fourth
2   causes of action and that part of the second cause of action premised on fraud.  Motion, ECF No. 29
3   at 8.  Due to a calendering error, Briosos's counsel did not attend the hearing.  ECF No. 41.  But the
4   motion was fully briefed, and the court determined that the matter is suitable for decision without
5   oral argument.  *See* Civ. L.R. 7-1(b).[3]

6   The court **GRANTS** Wells Fargo's motion on the following grounds.  With respect to Briosos's
7   fraud claim, the court finds that, as pled, Briosos's fraud claim is untimely and subject to dismissal
8   with prejudice.  As to Briosos's § 17200 claim, the court finds that the parts of Briosos's § 17200
9   claim that are based on Wells Fargo's alleged fraud are subject to dismissal with prejudice.  With
10  respect to Briosos's quiet title claim, because Briosos failed to sufficiently plead essential elements
11  of the claim, the court dismisses it with prejudice.

## II.  FACTUAL BACKGROUND

The relevant facts, taken from Briosos's second amended complaint and from Wells Fargo's request for judicial notice[4] are as follows.

---

[2] Fidelity National Title Insurance Company has agreed to be bound by this court's decision. Stipulation and Proposed Order, ECF No. 36.

[3] The court asked Wells Fargo's counsel a few questions on the record to clarify the court's general understanding of Wells Fargo's claims – if any – asserted against the titles at issue.  Briosos may obtain a transcript.

[4] Wells Fargo requests that the court take judicial notice of the following documents: (1) a Deed of Trust recorded in the San Francisco County Recorder's Office on March 6, 2007, as Document Number 2007-I348262-00; (2) a Notice of Default and Election to Sell Under Deed of Trust, recorded in the San Francisco County Recorder's Office on April 13, 2007, as Document No. 2010-I941702-00; (3) a Deed of Trust, recorded in the San Francisco County Recorder's Office on April 13, 2007, as Document Number 2007-I368488-00; and (4) a Grant Deed, recorded in the San Francisco County Recorder's Office on April 13, 2007, as Document Number 2007-I368489-00. Exhs. A-D to Defendant's Request for Judicial Notice, ECF No. 30-1.  The court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment.  *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001).  Because each of the exhibits are public records, the court may properly take judicial notice of the undisputable facts contained in the documents.  *See Hotel Employees & Rest. Employees Local 2 v. Vista Inn Mgmt. Co.*, 393 F. Supp. 2d 972, 978 (N.D. Cal. 2005); Fed. R. Evid. 201(b).

Briosos and his partner, Steven Christiansen owned two properties in San Francisco: a condominium on Lombard Street, which is Briosos's primary residence, and a condominium on Delancey Street. Second Amended Complaint, ECF No. 29 at 1, 3, ¶¶ 1, 10. In October 2006, Mr. Christiansen died. *Id*. at 3, ¶ 10. Thereafter, in January 2007, Briosos phoned Wells Fargo to request that it remove Mr. Christiansen's name from the mortgage loans on the properties.[5] *Id*. ¶ 12.[6] Briosos's call was transferred to Dennis Mahoney in the "preferred accounts department." *Id*. Briosos alleges that Mr. Mahoney told him that the "only way" to remove Mr. Christiansen's name from the loans was to refinance the loans in only Briosos's name. *Id*. According to Briosos, this statement was false because Wells Fargo "simply could have amended the contract to exclude" Mr. Christiansen, or Briosos "could have simply done nothing, and provided the death certificate and trust agreement at closing of the home." *Id*. Instead, Briosos charges that Wells Fargo "saw this as an opportunity, rather than to help the Plaintiff, to take advantage of a grieving borrower on medication to squeeze out closing fees and some more interest only payments from him by misleading him to induce him to take the refinances." *Id*.

Although Briosos expressed his concern that he might not be able to afford payments on both properties without Mr. Christiansen's contribution, Mr. Mahoney advised him to take a five-year interest-only loan. *Id*. at 3-4, ¶¶ 14-16. Briosos provided Mr. Mahoney information regarding his current income, which was $1,500 per week, and advised Mr. Mahoney that his job was ending in February 2007. *Id*. at 4, ¶¶ 17-18. Mr. Mahoney told Briosos that $1,500 was sufficient income to afford the payments under the loans and asked Briosos to provide only his pay stubs from January

---

[5] Following Mr. Christiansen's death, Briosos owned 50% of the Lombard and Delancey Street properties as Successor Trustee of the Steven Harold Christiansen Revocable Inter Vivos Trust Under Agreement Dated December 23, 1998, and owned 50% as Trustee of the Fernando Punla Briosos Revocable Inter Vivos Trust Under Agreement Dated December 23, 1998. *See* Exh. A to Defendant's Request for Judicial Notice, ECF No. 30-1 at 2, 4; Exh. D to Request for Judicial Notice, ECF No. 30-1 at 63.

[6] Briosos states that he requested to remove Mr. Christiansen's name because he wanted to sell the properties in 2007 because the five-year interest-only period on the loans was going to expire. *Id*. at 3, ¶ 13.

1  2006 to February 2007. *Id*. at 4, ¶ 19. According to Briosos, Mr. Mahoney's statement that
2  "Plaintiff could afford the loans" was false because Mr. Mahoney knew that the monthly loan
3  payments exceeded Briosos's monthly income, and Mr. Mahoney made the statements to induce
4  Briosos to refinance the loan so that Defendant could make a profit off the new loan origination and
5  the representative (presumably, Mr. Mahoney) could get credit for selling two loans. *Id*. at 5, ¶¶ 28-
6  32. Additionally, Briosos alleges that Mr. Mahoney knew that his statement was false because
7  Briosos did not meet the industry standard home qualification ratios. *Id*. at 5, ¶¶ 30-32.

8  Relying on Mr. Mahoney's representations, Briosos proceeded with the refinancing.[7] *Id*. at 5, ¶
9  32. On February 27, 2007, Briosos executed a $650,000 mortgage loan from Defendant. *Id*. at 2, ¶
10  5. The loan was secured by a Deed of Trust on the Lombard property, and was recorded with the
11  San Francisco County Record's Office on March 6, 2007. *Id*. at 2, ¶ 6, *see* Deed of Trust, Exh. A to
12  Defendant's Request for Judicial Notice, ECF No. 30-1 at 2. Briosos subsequently defaulted on the
13  loan. As a result, a Notice of Default and Election to Sell Under Deed of Trust was recorded on
14  March 23, 2010. *See* Exh. B to Defendant's Request for Judicial Notice, ECF No.30-1 at 31. The
15  Notice of Default indicates that Briosos was $18,855.25 in arrears on March 22, 2010. *Id*.

16  Briosos also refinanced the loan on the Delancey Street property. Second Amended Complaint,
17  ECF No. 29 at 2-3 , ¶¶ 7-8. On April 5, 2007, Briosos, in his individual capacity, executed a loan
18  for $531,000 from Defendant. *See* Deed of Trust, Exh. C to Defendant's Request for Judicial
19  Notice, ECF No. 30-1 at 35. The loan was secured with a Deed of Trust on the Delancey Street
20  property, which was recorded with the San Francisco County Recorder's Office on April 13, 2007.
21  *Id*.

22  Based on these allegations, Briosos asserts claims for the following: (1) fraud, concealment, and

---

[7] According to Briosos, before escrow was to close, he contacted Mr. Mahoney and told him that he "probably shouldn't go with the two loans." *Id.* at 4, ¶ 24. At the time, Briosos intended to rent the Lombard property where he lived, and had began preparing to move. *Id*. at 4, ¶ 25. In response, about a week before the close of escrow, Mr. Mahoney told Briosos over the phone that "they were very close to signing the documents and that Plaintiff should wait." *Id*. Briosos further alleges that during the refinance, "Defendant Wells, through Dennis Mahoney, coached [Briosos] to perform what they asked to get the loan processed from beginning to end." *Id*. at 5, ¶ 26.

1  misrepresentation; (2) unfair business practices; (3) rescission under TILA; and (4) quiet title.
2  Defendant moves to dismiss the first, parts of the second (based on the allegations of fraud), and
3  fourth claims pursuant to Rule 12(b)(6). On May 5, 2011, the court conducted a hearing on Wells
4  Fargo's motion to dismiss.  Briosos did not appear.

### III.  LEGAL STANDARD

A court may dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) when it does not contain enough facts to state a claim to relief that is plausible on its face. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id*. (quoting *Twombly*, 550 U.S. at 557.)  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level."  *Twombly,* 550 U.S. at 555 (internal citations and parentheticals omitted).

In considering a motion to dismiss, a court must accept all of the plaintiff's allegations as true and construe them in the light most favorable to the plaintiff.  *See id*. at 550; *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007); *Vasquez v. Los Angeles County*, 487 F.3d 1246, 1249 (9th Cir. 2007).

If the court dismisses the complaint, it should grant leave to amend even if no request to amend is made "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (*quoting Cook, Perkiss and Liehe, Inc. v. Northern California Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990)).  But when a party repeatedly fails to cure deficiencies, the court may order dismissal without leave to amend.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) (affirming dismissal with prejudice where district court had instructed *pro se* plaintiff regarding deficiencies in prior order dismissing claim with leave to amend).

## IV.  DISCUSSION

Wells Fargo argues that Briosos still fails to state claims upon which the court may grant relief with regard to his fraud-based claims and quiet title claim.  Wells Fargo first contends that Briosos's fraud claim is time-barred under California's three-year statute of limitations for fraud-based claims and that the Delancey Street allegations fail to satisfy the heightened pleading requirement for fraud claims.  Wells Fargo then contends that Briosos's unfair business practices claim fails to the extent it relies on the purported fraud.  Finally, Wells Fargo argues that Briosos's quiet title claim fails because Briosos did not sufficiently plead essential elements of that claim, including an ability to tender the loan proceeds and an adverse claim by Wells Fargo.  The court will analyze each of Wells Fargo's challenges, in turn.

**A.  Fraud Claim**

In his first cause of action, Briosos asserts a claim for fraud, concealment, and misrepresentation under California law against Wells Fargo.  Wells Fargo raises two challenges to this claim.  First, Wells Fargo argues that the claim is untimely under California's three-year statute of limitations applicable to fraud claims.  Motion, ECF No. 20 at 12.  Second, Wells Fargo argues that Briosos's allegations regarding the Delancey property do not meet Rule 9(b)'s heightened pleading standard.  *Id*. at 12-13.

**1.  Timeliness of Briosos's Fraud Claim**

Pursuant to California Code of Civil Procedure § 338(d), fraud claims are subject to a three-year statute of limitations, which accrues upon "the discovery, by the aggrieved party, of the facts constituting the fraud or mistake."  Cal. Code Civ. P. § 338(d).  California courts have interpreted § 338(d) as imposing a duty to exercise diligence to discover the facts constituting the fraud.  *See Parsons v. Tickner*, 31 Cal. App. 4th 1513, 1525 (1995).  Thus, a plaintiff is required to plead and prove facts showing: (1) lack of knowledge; (2) lack of means of obtaining knowledge (in the exercise of reasonable diligence the facts could not have been discovered at an earlier date); and (3) how and when he did actually discover the fraud or mistake.  *Id*. (citing 3 Witkin, Cal. Procedure, Actions § 454).  "Under this rule constructive and presumed notice or knowledge are equivalent to knowledge.  So, when the plaintiff has notice or information of circumstances to put a reasonable

person on inquiry, or has the opportunity to obtain knowledge from sources open to . . . investigation . . . the statute commences to run." *Id*.

In its motion, Wells Fargo contends that the two statements that form the basis of Briosos's fraud claim were made more than three years before he filed this lawsuit on March 8, 2010. Motion, ECF No. 29 at 11. Specifically, Wells Fargo points out that in ¶ 12 of the First Amended Complaint, Briosos alleges that Mr. Mahoney's statement that Briosos had to refinance the loans to remove Mr. Christiansen's name occurred sometime in January 2007. *Id*. at 12. Because this allegedly false representation occurred more than three years prior to the filing of this lawsuit, Wells Fargo asserts that it is time-barred. *Id*.

The second representation upon which Briosos bases his fraud claim is Mr. Mahoney's statement that "Plaintiff could afford the loans." *See* Second Amended Complaint, ECF No. 28 at 5, ¶ 30. As to this statement, Wells Fargo argues that "[t]he only specific date about the conversation or conversations with [Mr.] Mahoney is January 2007." Motion, ECF No. 29 at 12. Furthermore, Wells Fargo points out that Briosos executed the mortgage on the Lombard Street property on February 27, 2007, so any statements about loan affordability that induced Briosos to enter into the loans had to occur before that date. *Id*. Wells Fargo thus argues that any claims based on Mr. Mahoney's statement that Briosos could afford the loans are also untimely. *Id*.

Briosos does not dispute that the allegedly fraudulent statements were made in January 2007 but he argues that his fraud claim has been amended to establish that the claim is timely anyway. Briosos's basic argument is that the statute runs from the time of discovery and that Briosos had no reason to be suspicious and could not have discovered the fraud before June 2008 when he approached Wells Fargo about a loan finance and was told that he did not qualify based on his income and credit. Opposition, ECF No. 34 at 4-5; Second Amended Complaint, ECF No. 28 at 6, ¶ 34.

First, to the extent Briosos rehashes a variation of his reliance theory (i.e., he could become aware of the fraud only after he relied upon the fraudulent statement and suffered the injury), the court already has rejected this argument because this theory defeats the purposes of a statute of limitations. *See* Order, ECF No. 28 at 10-11.

1    Second, California law clearly establishes that "[a] plaintiff whose complaint shows on its face
2 that his claim would be barred without the benefit of the discovery rule must specifically plead facts
3 to show (1) the time and manner of discovery *and* (2) the inability to have made earlier discovery
4 despite reasonable diligence."  Motion, ECF No. 29 at 13 (quoting *Fox v. Ethicon Endo-Surgery,*
5 *Inc*., 35 Cal.4th 797, 808 (Cal. 2005) (citation omitted; emphasis original)).  "In order to adequately
6 allege facts supporting a theory of delayed discovery, the plaintiff must plead that, despite diligent
7 investigation of the circumstances of the injury, he or she could not have reasonably discovered facts
8 supporting the cause of action within the applicable statute of limitations period."  *Id*. (citing *Fox*, 35
9 Cal.4th at 809).

10    Without analysis and citing only to paragraph 34 of his second amended complaint, Briosos
11 argues that he pled facts sufficient to find (a) lack of knowledge, (b) lack of means of obtaining
12 knowledge, or why the facts could not have been discovered at an earlier date through reasonable
13 diligence, and (c) how and when he actually did discover the fraud or mistake.  Opposition, ECF No.
14 34 at 4.

15    Briosos's second amended complaint states:

16    Plaintiff did not discover the falseness of the above alleged statements until
approximately June 2008, when he approached Wells Fargo about refinancing the
17    loans and was informed that he did not qualify for refinancing with his income
and credit. Plaintiff would not have reasonably been suspicious of the falseness of
18    the statements prior to June 2008 because at the time the misstatements were
made, Defendant was in a position of trust and plaintiff was in a compromised
19    emotional state at the time of the false statements, which was known to and
exploited by the Defendant.
20

21 ECF No. 28 at 6, ¶ 24.

22    Briosos does not plead facts showing either (1) the manner of discovery or (2) the inability to
23 discover earlier if he had exercised reasonable diligence.  The court agrees with Wells Fargo that
24 Briosos's claimed manner of discovery does not make sense.  Briosos essentially says that he did not
25 discover that there were other ways for him to remove Mr. Christensen's name from the mortgage
26 loans or that he could not afford the loans made in early 2007 until he was declined for a loan
27 modification in June 2008.  But being approved or declined for a loan modification in June 2008 has
28 no logical connection to the January 2007 statement that the only way to remove Christensen's name

1 was to refinance, and the connection to the statement that the loans were affordable is attenuated at
2 best.

3     Additionally, Briosos failed to allege plausible facts showing that he would have been unable to
4 discover the fraud earlier if he had exercised reasonable diligence. As the court stated in its earlier
5 order, to withstand dismissal, Briosos must allege facts showing that he was unable to uncover the
6 falsity of Mr. Mahoney's statements prior to March 8, 2007. Order, ECF No. 28 at 12 n.7.
7 Briosos's only allegation that speaks to this issue is that "Defendant was in a position of trust and
8 plaintiff was in a compromised emotional state."

9     Delayed accrual of a cause of action is viewed as particularly appropriate where the relationship
10 between the parties is one of special trust, *see E-Fab, Inc. v. Accountants, Inc. Services*, 153
11 Cal.App.4th 1308, 1318 (Cal. 2007). But, as a matter of law, Wells Fargo was not in a position of
12 trust. *See Nymark v. Heart Fed. Savings & Loan Ass'n*, 231 Cal. App. 3d 1089, 1093 n1 (Cal. Ct.
13 App. 1991) ("The relationship between a lending institution and its borrower-client is not fiduciary
14 in nature.").

15     To Briosos's claim that he was in a compromised emotional state, he offers no additional facts or
16 explanation as to how this prevented him from exercising reasonable diligence. Wells Fargo
17 assumes that Briosos's reference to his emotional state alludes to the passing of his partner, Mr.
18 Christensen. Reply, ECF No. 35 at 4. But, as Wells Fargo notes, Mr. Christensen died about twenty
19 months prior to Briosos's discovery of the fraud, and Briosos does not cite any authority that
20 suggests that such an allegation exempts Briosos from managing his financial affairs for such a long
21 time. *Id.*

22     Briosos's allegation falls flat particularly with regard to Mr. Mahoney's alleged falsehood that
23 Briosos could afford the loan payments. According to the second amended complaint, Briosos knew
24 how much he earned (approximately $6,000 per month) and how much the monthly loan payments
25 were ($6,316.98). Second Amended Complaint, ECF No. 28 at 4-5 ¶¶ 18-19, 30. Because simple
26 addition and subtraction make Mr. Mahoney's alleged statement highly questionable at best and
27 Briosos purported to know his financial status, his allegation is insufficient to exempt him from the
28 general three-year statute of limitations. *See Sun 'n Sand, Inc. v. United California Bank*, 21 Cal.3d

1 671, 702 (1978) (holding that the "discovery" exception tolling operation of the statute of limitations
2 is inapplicable where bank's allegations made clear that the delay in discovering its mistake was
3 attributable to its own negligence); *Brookwood v. Bank of Am.*, 45 Cal. App. 4th 1667, 1674 (1996)
4 ("[W]hen plaintiff could have ascertained the truth through the exercise of reasonable diligence," he
5 or she cannot establish reasonable reliance, a prerequisite to an actionable fraud claim. (citations
6 omitted)). The facially questionable nature of Mr. Mahoney's statements regarding Briosos's ability
7 to afford the monthly payments should have put Briosos on notice that Mr. Mahoney's other
8 statement should be investigated too. And, given that Briosos alleges that he was represented by
9 counsel, *see* Second Amended Complaint, ECF No. 28 at 3, ¶ 13, he might have asked his lawyer if
10 Mr. Mahoney's statements were true. As it stands, though, Briosos's second amended complaint has
11 no facts indicating that the circumstances as they existed when the statement was made prevented
12 him from inquiring about the accuracy of the statement until June 2008 or that he exercised
13 reasonable diligence before that time to discover the accuracy of the statements.

14 In sum, Briosos's complaint shows on its face that his claim would be barred without the benefit
15 of the discovery rule, and Briosos fails to plead facts showing either (1) the manner of discovery or
16 (2) the inability to have made discovery earlier if he had exercised reasonable diligence. The court
17 therefore grants Wells Fargo's motion as to Briosos's fraud claim. Given that the court gave Briosos
18 two opportunities to amend his complaint, the court dismisses the claim with prejudice.

19 Wells Fargo also argues that Briosos's fraud claim with regard to the Delancey Street property
20 fails because Briosos never identifies when the supposed statements about this loan were made and,
21 thus, his claim does not meet the heightened pleading standard of Rule 9(b) of the Federal Rules of
22 Civil Procedure. ECF No. 29 at 12. Rule 9(b) requires that a complaint include the particular facts
23 – including time – surrounding an alleged fraud. S*ee Schreiber Distrib. Co. v. Serv-Well Furniture*
24 *Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986) (noting that under Rule 9(b) "the pleader must state the
25 time, place, and specific content of the false representations as well as the identities of the parties to
26 the misrepresentation."). Because the court finds that Briosos failed to allege facts to excuse him
27 from the statute of limitations, it does not need to readdress this argument, which it already has
28 rejected in any case. *See* Order, ECF No. 27 at 13-14.

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS SECOND AMENDED COMPLAINT
C 10-02834 LB
10

**B. <u>Unfair Business Practices Claim</u>**

In his second cause of action, Briosos asserts a claim for unlawful business practices, presumably pursuant to California Business & Professions Code § 17200. Second Amended Complaint, ECF No. 28 at 6-7. Specifically, Briosos alleges:

> 37. In the course of doing business, Defendant Wells Fargo Bank engaged in practices which are likely to deceive the average consumer, including but not limited to: counseling Mr. Briosos that his only option for removing Mr. Christiansen's name from the loans was to refinance them as alleged in paragraphs 9-34 above and reincorporated here by reference.
>
> 38. In the course of doing business, Defendant Wells Fargo Bank engaged in unlawful conduct in its failure to comply with the Truth in Lending Act at paragraph 15 U.S.C. § 1635(a), as set forth in paragraphs 40-49 below, which are reincorporated herein for the purposes of supporting this cause of action.
>
> 39. Defendant's failure to comply with Plaintiff's rescission request has caused plaintiff to incur injury in fact from loss of credit reputation as to be proven at trial. Such loss of credit reputation has caused plaintiff to lose money in paying higher interest rates to other creditors, who raised plaintiff's interest rates upon Defendant's continued negative credit reporting after plaintiff demanded rescission of the loan, as was his right. Defendant's continued negative reporting on plaintiff's credit was a willful violation of TILA and the Fair Credit Reporting Act, and Defendant was well aware it would cause injury to the Plaintiff, a consumer, who enjoyed excellent credit until the time of Defendant's wrongful conduct as alleged herein. Again, Defendant Wells Fargo did not ask for tender but simply refused to consider plaintiff's right to rescind whatsoever and ignored plaintiff's offer of tender in his rescission letter.
>
> 40. In the course of doing business, Defendant Wells Fargo Bank committed unfair practices as its sales methods are both fraudulent and designed to take advantage of the grieving at a time of loss, as alleged in paragraphs 9-34 above and reincorporated here by reference.
>
> 41. To prevent defendant from committing such practices in the future, which is likely, Plaintiff acts as a private attorney general in bringing this action against the Defendant and is therefore entitled to attorneys fees.

ECF No. 28 at 6-7.

In its motion, Wells Fargo urges the court to dismiss the parts of Briosos's § 17200 claim predicated on fraud because: (1) Briosos has not pleaded a viable underlying claim for fraud that would support a derivative "unlawful prong" claim; (2) Briosos has not alleged the violation of a specific constitutional provision, statute, or regulation to support an "unfair prong" claim; and (3) Briosos has not sufficiently pleaded facts to support a § 17200 claim under the fraud prong.

Briosos largely fails to address the grounds for dismissal that Wells Fargo advances in its

motion, arguing mostly that his TILA claim survives and that § 17200 claim, to the extent predicated on his TILA claim, also survives. Opposition, ECF No. 34 at 5-6. The court agrees with Briosos that his § 17200 claim remains live to the extent that it is based on the alleged Truth in Lending Act violation. However, for the reasons discussed below, the court dismisses Briosos's § 17200 claim to the extent that it hinges on his allegations of fraud.

California Business & Professions Code § 17200, also known as California's "Unfair Competition Law," prohibits "any unlawful, unfair or fraudulent" business practices. Cal. Bus. & Prof. Code § 17200. "Since section 17200 is [written] in the disjunctive, it establishes three separate types of unfair competition. The statute prohibits practices that are either 'unfair'" or 'unlawful,' or 'fraudulent.'" *Pastoria v. Nationwide Ins.*, 112 Cal. App. 4th 1490, 1496 (2003); *see also Cel-Tech Communications, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 180 (1999). Briosos asserts his claim under each of the three theories.

**1. Part of Unlawful Practices Claim Predicated on Fraud**

Wells Fargo's first challenge goes to the viability of Briosos's § 17200 claim under the "unlawful" practices theory based on Wells Fargo's alleged fraud. "The 'unlawful' practices prohibited by section 17200 are any practices forbidden by law, be it civil or criminal, federal, state, or municipal, statutory, regulatory, or court-made." *Saunders v. Superior Court*, 27 Cal. App. 4th 832- 838-39 (1994). Thus, an unlawful business practices claim under § 17200 "'borrows' violations of other laws and treats them as unlawful practices independently actionable under section 17200." *Id*. Accordingly, a defendant "cannot be liable under § 17200 for committing unlawful business practices without having violated another law." *Ingles v. Westwood One Broadcasting, Servs., Inc.*, 129 Cal. App. 4th 1050, 100 (2005). Here, as Wells Fargo correctly points out, because Briosos's fraud claims are subject to dismissal, there is no underlying fraud violation to support his § 17200 claim under the unlawful practices prong of the statute. The court will therefore grants Wells Fargo's request to dismiss the part of Briosos's § 17200 unlawful practices claim to the extent that it is based on Wells Fargo's alleged fraud.

**2. Part of Unfair Practices Claim Predicated on Fraud**

Wells Fargo next argues that the portions of Briosos's unfair practices claim that stem from the

alleged fraud fail because Briosos has not alleged the violation of a specific constitutional provision, statute, or regulation. Motion, ECF No. 29 at 16-17.

As Wells Fargo notes, California courts have not yet determined how to define "unfair" in the consumer action context after *Cel-Tech Commc'ns., Inc. v. Los Angeles Cellular Tele. Co.*, 20 Cal.4th 163 (1999). *See Lozano v. AT&T Wireless Servs., Inc.*, 504 F.3d 718, 735-36 (9th Cir. 2007). In *Cel-Tech*, the California Supreme Court determined that the word "unfair" in the UCL means "conduct that threatens an incipient violation of an antitrust law, or violates the policy or spirit of one of those laws because its effects are comparable to or the same as a violation of the law, or otherwise significantly threatens or harms competition." *Cel-Tech*, 20 Cal.4th at 187. But the *Cel-Tech* court expressly declined to extend its holding to consumer actions. *Id.* at 187 n.12. However, "the lack of distinction between competitor and consumer in the language of the UCL renders this definition equally valid in the consumer context." *Churchill Village, L.L.C. v. Gen. Elec. Co.*, 169 F. Supp. 2d 1119, 1130, n.10 (N.D. Cal. 2000).

Wells Fargo claims that Briosos has not alleged that the supposed statement that the only option for removing Mr. Christiansen's name was to refinance violates a declared public policy tethered to a particular constitutional, statutory, or regulatory provision. Motion, ECF No. 29 at 17. Instead, Wells Fargo argues, Briosos alleges only common law fraud. *Id.* Briosos concedes that the use of the "tether" standard is appropriate but argues that he has tied his claim to California Civil Code 1572, which defines actual fraud. Opposition, ECF No. 34 at 6. But the allegations dealing with the unfair UCL claim in Briosos's second amended complaint do not reference the statute and assert only common law tort fraud claims. "[R]eliance on general common law principles to support a cause of action for unfair competition is unavailing." *Textron Fin. Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 118 Cal. App. 4th 1061, 1072 (Cal. Ct. App. 2004). Accordingly, the court grants Wells Fargos' request to dismiss the part of Briosos's § 17200 unfair practices claim to the extent that it is based on Wells Fargo's alleged fraud.

**3. Fraudulent Practices Claim**

Wells Fargo finally argues that Briosos has not sufficiently pleaded facts to support a § 17200 claim under the fraud prong. Motion, ECF No. 29 at 17-18. To state a claim under the fraud prong

of § 17200, a plaintiff must allege facts showing that members of the public are likely to be deceived by the alleged fraudulent business practice. *See Morgan v. AT&T Wireless Servs., Inc*., 177 Cal. App. 4th 1235, 1255 (2009).

Wells Fargo argues that Briosos's asserts only conclusory allegations as to whether members of the public are likely to be deceived. Specifically, Briosos alleges:

> In the course of doing business, Defendant Wells Fargo Bank engaged in practices which are likely to deceive the average consumer, including but not limited to: counseling Mr. Briosos that his only option for removing Mr. Christiansen's name from the loans was to refinance them as alleged in paragraphs 9-34 above and reincorporated here by reference.

Second Amended Complaint, ECF No. 28 at 6, ¶ 37. But, as Wells Fargo argues, without any factual substantiation, the plaintiff's bare conclusion that "the average consumer" would likely be deceived is insufficient to state a claim under the "fraud prong" of the UCL. *See Bardin v. Daimlerchrysler Corp.*, 136 Cal. App. 4th 1255, 1275 (Cal. Ct. App. 2006). Accordingly, the court grants Wells Fargos' request to dismiss Briosos's § 17200 fraud claim.

Wells Fargo also claims that Briosos's fraud claim under the UCL suffers from additional pleading defects, including a failure to plead with the necessary specificity and a failure to pleased fraud or reliance. Motion, ECF No. 29 at 18-19. In effect, Wells Fargo is reiterating arguments it made in the last round of briefing and which the court already has rejected. *See* Order, ECF No. 27 at 13-14.

### C. Claim to Quiet Title

In his fourth cause of action, Briosos re-asserts his claim to quiet title to the Lombard and Delancey properties. Second Amended Complaint at 8-9, ¶¶ 54-61. "The purpose of a quiet title action 'is to finally settle and determine, as between the parties, all conflicting claims to the property in controversy, and to decree to each such interest or estate therein as he may be entitled to.'" *Martinez v. America's Wholesale Lender*, No. C 09-05630 WHA, 2010 WL 934617, at *5 (N.D. Cal. Mar. 15, 2010) (quoting *Peterson v. Gibbs*, 147 Cal. 1, 5 (1905)). California Code of Civil Procedure § 761.020 sets forth the requirements for a quiet title claim. Specifically, this statute requires that the Briosos set forth five elements in a "verified complaint": (1) a legal description and common designation of the property; (2) the title of the plaintiff and its basis; (3) the adverse claims

to the plaintiff's title; (4) the date as of which the determination is sought; and (5) a prayer that title is quieted in the plaintiff. Cal. Civ. Proc. Code § 760.020(a)-(e).

Wells Fargo argues that Briosos's quiet title claim fails for several reasons. First, Wells Fargo reiterates its arguments that Briosos failed to plead with the necessary specificity given that it is, at heart, a fraud claim. The court notes, again, that it already has rejected Wells Fargo's argument.

Second, Wells Fargo argues that because Briosos has not tendered the loan proceeds he borrowed, he has no right to quiet title. Motion, ECF No. 29 at 19-20. As discussed in the court's previous order, Briosos has pled, under oath, the ability to tender the loan proceeds, and that is sufficient at pleading stage of the case. *See* Order, ECF No. 27 at 15.

Third, Wells Fargo argues that Briosos's quiet title claim is misdirected at it because Wells Fargo is not the Trustee under the Deeds of Trust, but rather, is the lender. Motion, ECF No. 29 at 21. Wells Fargo thus argues that it does not hold title to the properties that may be quieted. Briosos does not address this argument.

Fourth, Wells Fargo argues that Briosos's claim fails as a matter of law because Wells Fargo has not asserted any adverse claim to the properties. *Id.* Briosos does not proffer any argument in response.

Reviewing Briosos's second amended complaint, Briosos alleges:

> 54. Plaintiff seeks to quiet title against the claims of Defendants Wells Fargo and Fidelity National Title Insurance Co. to the Subject Properties, which include the deeds of trust stated hereinabove.
>
> 55. As stated in Paragraphs 42-51 because Plaintiff has lawfully stated rescission of the note and lien against the Lombard Property as of June 11, 2009, Plaintiff seeks quiet title as of June 11, 2009 the date he noticed his intent to rescind the loan. Wells' interests alleged above are without right on this ground. This is a separate and independent basis for this cause of action than is stated in paragraph 55 below.
>
> 56. Moreover, under California law, voluntarily executed deeds obtained by fraud can be canceled by the grantor. *Rogers v. Warden* (1942) 20 C2d 286. Therefore, because Defendants' interest in both of the subject properties arises from illegal misrepresentation, Defendants' claims to both properties are without any right, and Defendants have no title, estate, lien, or interest in either of the subject properties and therefore prays for quiet title as to both properties. This is a separate and independent basis for this cause of action than is stated in paragraph 54 above.
>
> 57. Plaintiff will tender to Wells Fargo the debt owed on both properties pursuant

    to the court's judgment in favor of plaintiff, pursuant to the mandate in Civil Codes section 1691 and 1693 that the court *may* make tender a condition of judgment, but *shall not* deny Plaintiff relief for failure to tender before then.

    58. Plaintiff is willing and able to refinance both properties to facilitate tender, or to otherwise borrow privately from friends in order to repay his obligations taken against them.

    59. Plaintiff further reserves his right argue and to request that the court find that under a fraud cause of action that tender is not required to cancel the deed of trust. By alleging a willingness and ability to tender above, Plaintiff does not concede that such tender is required in this case, and in fact argues that it is not.

    60. Plaintiff prays that the Deed of trust on the Delancey Property be extinguished, and that the loan be unsecured as not to allow Wells Fargo to gain an interest in real estate by fraud, and plaintiff seeks quiet title to be declared as of the date of filing this Complaint.

    61. Plaintiff desires and is entitled to a judicial declaration quieting title in Plaintiff as to both properties and as to each property.

Second Amended Complaint, ECF No. 28 at 8-10, ¶¶ 54-61.

Again, Briosos's allegations do not identify what "claims" Wells Fargo has asserted against either property. Under § 761.020, Briosos must plead this information to sustain any quiet title claim against Wells Fargo. *See Fortaleza v. PNC Fin. Serv. Group, Inc.*, 642 F. Supp. 2d 1012, 1023 (N.D. Cal. 2009) (dismissing quiet title claim because the plaintiff could not allege that either Wells Fargo currently claimed in an interest to the property, or that such claim of interest is without right). Because he has not, dismissal of this claim is appropriate. *See Quintero Family Trust v. OneWest Bank, F.S.B.*, No. 09-CV-1561-IEG (WVG), 2010 WL 392312, *15 (S.D. Cal. Jan. 27, 2010) (dismissing quiet title claim for failure to state a claim where plaintiff alleged only that mortgagee claimed an interest adverse to mortgagors' interest in the subject property in the form of a deed of trust).

Furthermore, to the extent that Briosos premises his quiet title claim on Wells Fargo's alleged fraudulent conduct, it cannot serve as the basis for his quiet title claim because the court has dismissed Briosos's fraud claim. *See Fortaleza*, 642 F. Supp. 2d at 1023.

In sum, because Briosos failed to sufficient plead an essential element of his quiet title claim, and given the two prior opportunities to amend, the court grants Wells Fargo's motion as to Briosos's quiet title claim and dismisses the claim with prejudice. The court observes that Briosos's remedies are, in effect, fully preserved by his TILA claim.

## V.  CONCLUSION

For the reasons set forth above, the court **GRANTS** Wells Fargo's motion to dismiss the first claim, parts of the second claim, and fourth claim in Briosos's second amended complaint. Specifically, Briosos's fraud claims, the § 17200 claims to the extent predicated on fraud, and the quiet title claim against Wells Fargo are **DISMISSED WITH PREJUDICE**.

Wells Fargo shall file its answer by May 20, 2011.  Fed. R. Civ. P. 12(a)(4).

This disposes of ECF No. 29.

**IT IS SO ORDERED.**

Dated: May 5, 2011

_____
LAUREL BEELER
United States Magistrate Judge